**Alexandria M. KRICK, Appellant,**

v.

**Billy Jerome KRICK, Respondent.**

**No. C9–83–1632.**

Court of Appeals of Minnesota.

June 12, 1984.

Cyril Bernardy, Bernardy & Scholl, Worthington, for appellant.

G.M. Gorgos, Farmington, for respondent.

Heard, considered and decided by POPO-VICH, C.J., and PARKER and LANSING, JJ.

## OPINION

LANSING, Judge.

This is an appeal of the spousal maintenance award in a marital dissolution action. Appellant contends that the trial court abused its discretion by awarding maintenance for a five-year period in an amount insufficient to enable her to acquire the education or training necessary for appropriate employment. We reverse and remand.

## FACTS

Appellant and respondent were married in 1957. They have three children ages 24, 23 and 19. Respondent has been employed for over 20 years with the Central Telephone Company. His income is approximately $31,000 per year. Appellant was a homemaker for virtually their entire marriage. She has a high school degree and has also taken some art classes. During the marriage she worked as a sales clerk for seven months at a wage of $1 per hour and as an employee of the Worthington Daily Globe for approximately one year at a wage of $2 per hour.

Appellant commenced the dissolution action in April 1982. The court ordered temporary maintenance of $300 per month beginning in June. In September 1982, appellant moved to hold respondent in contempt for failure to pay the temporary maintenance. In February 1983, appellant's attorney served a copy of an affidavit of default and a notice of default hearing on respondent's attorney. Neither respondent nor his attorney appeared at the hearing. The court entered its combined Findings of Fact, Conclusions of Law, Order for Judgment and Judgment and Decree on February 24, 1983.

The Judgment and Decree provided for an equal distribution of the real and personal property of the parties, held respondent liable for the joint debts and appellant's moving expenses and awarded appellant permanent maintenance of $800 per month. This amount was based on appellant's estimated expenses of $1,015 per month.

In May 1983, appellant again moved to hold respondent in contempt for failure to comply with the provisions of the decree and for failure to pay maintenance. At the contempt hearing, upon oral motion of respondent, the judge vacated the Judgment and Decree and set the matter for trial.

The trial was held in June 1983, and the Judgment and Decree was entered in July 1983. The findings of fact in this document are nearly identical to those in the February Judgment and Decree but the division of real and personal property and the award of spousal maintenance differ substantially. Respondent was awarded his entire pension, profit sharing and retirement plan from Central Telephone Company, the cash value of his life insurance, and the homestead of the parties, subject to a $16,000 payment to appellant, and one-half the net profit if sold. The current equity in the homestead exceeds $38,000. Appellant was awarded maintenance in the amount of $400 per month until June 1984, and $500 per month from June 1, 1984, until June 1, 1988. All maintenance payments cease at that time. It was apparently the court's intention to award this amount so appellant could acquire education or training because the decree states that "If the petitioner does not go to school on a full-time basis, then alimony shall continue until June 1, 1988, or until she earns an income of $12,000 per year, whichever comes first."

## ISSUE

Did the trial court err in its award of spousal maintenance?

## ANALYSIS

■ The grounds for awarding maintenance and determining the amount are set forth in Minn.Stat. § 518.552 (1982). Although the statute lists seven factors to be considered in determining a maintenance

award, the basic consideration is the financial need of the spouse receiving maintenance and the ability to meet that need balanced against the financial condition of the spouse providing the maintenance. *Erlandson v. Erlandson*, 318 N.W.2d 36 (Minn.1982). Specific attention is given to periods of training or education. Minn. Stat. § 518.552, subd. 1(a), subd. 2(b).

The record in this case is incomplete because it does not provide adequate information on the relative value of the personal possessions or on the value of the pension plan, nor is there any estimate of respondent's necessary living expenses. The procedural history of the case apparently prevented the information from being properly presented to the court. The parties imply that the distribution of the real and personal property was achieved by stipulation, but no record of any stipulation is contained in the file. Even if the real and personal property was distributed by stipulation, the amount of that distribution is still relevant to the award of maintenance. It is difficult to understand how an award could be made without that information.

In any event, it is clear from the record that appellant's assets are limited. Together with the court-awarded maintenance, those assets are insufficient to meet her monthly expenses during the five-year period of contemplated education and training unless they are essentially depleted. At that time respondent will be 50 years old with an extremely limited employment history and depleted resources, attempting to find appropriate employment with no spousal maintenance available.

The facts of this case are similar to those in *Cashman v. Cashman*, 256 N.W.2d 640 (Minn.1977), where the Supreme Court found that the trial court abused its discretion in denying an award of permanent alimony to the wife, a trained nurse, where it was not reasonable to expect that a return to nursing, even if possible at her point in life, would provide an income sufficient to support her needs. Appellant has been married for over 25 years, has raised children and has not been employed for any appreciable period outside the home. Although appellant does not presently suffer physical limitations, she has been hospitalized for stress and emotional problems surrounding the divorce and respondent's alcohol abuse problems.

The standard of review on appeal from a trial court's determination of a maintenance award is whether the trial court abused the discretion accorded to it. *Lillehei v. Lillehei*, 298 N.W.2d 453 (Minn. 1980); *Cooper v. Cooper*, 298 Minn. 247, 214 N.W.2d 682 (1974). That discretion must be examined in light of the controlling statutory guidelines. *Erlandson*, 318 N.W.2d at 38. The limited amount of spousal maintenance provided during the period for education and training forces appellant to choose between foregoing the education and training or completely depleting her resources. To impose this choice without reference to the assets and expenses of respondent constitutes error. Because the appellant was not allowed permanent alimony, she should be awarded a sufficient maintenance allowance to provide for training and education to become self-sufficient.

### DECISION

This case is reversed and remanded with instructions to the trial court to provide either a maintenance amount sufficient for appellant to meet her expenses during the period of training and education or permanent alimony.

Reversed and remanded.