**In re the Marriage of Glendoris V. ELWELL, Petitioner, Respondent,**

v.

**Dennis B. ELWELL, Appellant.**

No. C6-85-216.

Court of Appeals of Minnesota.

Aug. 6, 1985.

**68**

Gerald R. Grote, St. Cloud, for respondent.

William J. Schroeder III, St. Cloud, for appellant.

Considered and decided by LESLIE, P.J., and FOLEY and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Dennis Elwell appeals from a judgment and decree entered in a dissolution action. He disputes the trial court's maintenance award, apportionment of the parties' liabilities, and property division. We affirm.

## FACTS

Dennis and Glendoris Elwell were married in April 1962 when Dennis was 19 years old and Glendoris was 16. During their 22-year marriage, they had three children, two of whom are minors. Dennis was 42 years old at the time of the dissolution trial and Glendoris was 39.

Prior to their marriage, Dennis lived and worked on his parents' farm. After their marriage, the parties bought a mobile home and lived in it on Dennis' parents' farm. Since then, the parties and Dennis' parents have operated the farm together, and the parties have made and paid for improvements on the farm. Dennis has worked full-time for the Benton County Highway Department since about 1966. Glendoris spent her married life as a home-maker and a helper on the farm. She was not employed outside the home except for a short period of employment in a restaurant. She also sold personal care products from the parties' home.

After living in the mobile home for about seven years, the parties lived rent-free in Dennis' parents' house on the farm, and Dennis' parents lived in the mobile home. In 1980, Dennis' parents sold their interest in the farm homestead to the parties on a contract for deed. The $45,000 contract for deed provided for $415 monthly payments with no interest or downpayment. The parents reserved a life estate in part of the homestead tract. During the parties' marriage, they acquired two 80-acre tracts near the homestead.

After the dissolution hearing, the trial court ordered Dennis to pay Glendoris maintenance of $300 per month for five years, ordered Dennis to be responsible for any potential debt or liability arising from a highway accident in which one of their sons was involved, and held Dennis responsible for a $1,500 bank loan which was used for farm operating expenses.

The trial court awarded approximately one-half of the parties' assets, including Dennis' pension, to each party. Dennis was awarded a parcel of real estate valued at $44,000, plus various other assets valued at $7,450, for a total of $51,450. Glendoris was awarded assets with a total value of $7,200. In order to balance out the division of assets, the trial court awarded Glendoris $20,000 in cash and ordered Dennis to pay this amount as soon as possible.

Each party was also awarded one-half of the net proceeds from the sale of their livestock, farm machinery and equipment, and household goods and furnishings. The trial court ordered that all the real estate, except the parcel awarded to Dennis, be sold and the proceeds be divided one-half to each party, after the parties paid Dennis' parents their life estate of $16,000 and the balance of the contract for deed. Dennis was to be responsible for paying all the delinquent payments on the contract for deed or he was to pay Glendoris one-half of the delinquent payments out of his share of the net sale proceeds from the property.

Subsequently, the trial court denied Dennis' motion for amended findings and conclusions and Dennis appeals.

## ISSUES

1. Did the trial court abuse its discretion in awarding respondent maintenance of $300 per month for five years?

2. Did the trial court abuse its discretion in apportioning most of the parties' debts and liabilities to appellant?

3. Did the trial court abuse its discretion in its division of the marital property?

## ANALYSIS

### I.

A trial court's determination of the amount and duration of spousal mainte-nance is final unless the court abused its wide discretion. *Erlandson v. Erlandson,* 318 N.W.2d 36, 38 (Minn.1982). On review, the trial court's discretion must be exam-ined in light of Minn.Stat. § 518.552 (1982). *Id.* No single statutory factor or consider-ation for determining the amount and dura-tion of spousal maintenance is dispositive. *Id.* at 39.

Section 518.552 allows a court to award spousal maintenance if the court finds the spouse seeking maintenance lacks sufficient property to provide for her rea-sonable needs, and she is unable to ade-quately support herself. Minn.Stat. § 518.-552, subd. 1 (1982). In determining the amount and duration of the maintenance award, the court is required to consider the

factors set forth in Minn.Stat. § 518.552, subd. 2 (1982). When applying these factors, a court must balance the financial needs of Glendoris and her ability to meet those needs against Dennis' financial condition. *Erlandson*, 318 N.W.2d at 39–40.

■ The trial court explained its maintenance award of $300 per month for five years on the basis that Glendoris married at the age of 16 and has never been in the job market. She still has at least one and a half years of high school to complete. The trial court determined that an award of maintenance for a period of five years would afford Glendoris enough time to educate and train herself for suitable employment.

Dennis first contends that the trial court erred in awarding maintenance to Glendoris without a finding that Glendoris lacked sufficient property to provide for her reasonable needs during her education and training. We find no error. Even though the trial court did not specifically state in its findings that Glendoris lacked sufficient property, the record adequately reflects that the court made such a finding.

Glendoris estimates that her monthly living expenses for herself and the two minor children will amount to $1,797. Even with the $312 per month child support award, Glendoris will need an additional $1,485 per month to meet her monthly living expenses. Glendoris does not currently have a paying job.

Glendoris will receive about one-half of the parties' marital property, valued at approximately $110,000. Consideration of the property settlement, however, does not establish that the trial court abused its discretion. Even if Glendoris invested the estimated $75,000 in cash which she will probably receive in the property settlement, the interest income provided by the investment would not cover the balance of her monthly expenses. Courts normally do not expect spouses to invade the principal of their investments to satisfy their monthly financial needs. *Fink v. Fink*, 366 N.W.2d 340, 342 (Minn.Ct.App.1985). The record shows that Glendoris lacks sufficient property to provide for her needs and she is currently unable to adequately support herself.

Dennis next argues that the trial court abused its discretion in determining the amount and duration of the maintenance award. He contends that he does not have the financial ability to pay maintenance. The trial court specifically found that Dennis has sufficient resources to pay the maintenance award and he has the ability to earn more money than Glendoris. We find no abuse of the trial court's discretion in reaching this conclusion.

The record reflects that the trial court carefully considered the financial situation of both parties and determined that Glendoris requires financial help while she is establishing herself, and Dennis has the ability to provide this help. We recognize, as the trial court did, that the parties' dissolution and the resulting dismantling of their farming operation has created financial problems for both parties. We think the trial court attempted to balance the burdens as fairly as possible.

■ Dennis also challenges the duration of the maintenance award on the grounds that the trial court awarded Glendoris maintenance for five years when she had requested only four years of maintenance. The period over which maintenance is awarded must bear a reasonable relationship to its underlying basis—to augment the income of the spouse seeking maintenance so she can meet her reasonable financial needs. *Fink*, 366 N.W.2d at 342–43 (citing *Otis v. Otis*, 299 N.W.2d 114 (Minn. 1980)). The trial court was not bound by the period of maintenance which Glendoris sought. Given Glendoris' comparatively limited earning potential, her limited education, and the likelihood that she will pursue some education and training, the trial court's award of maintenance for five years is not an abuse of discretion.

## II.

■ Dennis also challenges the trial court's apportionment of the parties' debts

and liabilities. The trial court is guided by equitable considerations in distributing rights and liabilities and it has broad discretion in the distribution. *Kreidler v. Kreidler*, 348 N.W.2d 780, 784 (Minn.Ct. App.1984). Here, Dennis has a stable job and Glendoris has no paying job or specialized skills. In addition, throughout this dissolution, Dennis has lived on the farm and Glendoris has lived in a rental apartment with the two minor children. It is appropriate that Dennis should make the contract for deed payments on the property where he has been living and on a debt which is payable to his parents. Considering the parties' living situations and Dennis' greater ability to pay the debts, it is not inequitable to hold him responsible for the parties' debts and liabilities. The trial court did not abuse its discretion in allocating these debts and liabilities to Dennis.

## III.

Dennis also attacks the property division. First, he contends that the trial court abused its discretion in awarding approximately one-half of the marital property to each party, thereby failing to recognize his greater contribution to the acquisition of the property.

A trial court has broad discretion in dividing property upon dissolution of a marriage. *Miller v. Miller*, 352 N.W.2d 738, 741–42 (Minn.1984). An equal division of the wealth accumulated through the joint efforts of two parties is appropriate when a long-term marriage is dissolved. *Id.* at 742. *See also* Minn.Stat. § 518.58 (1982) (conclusive presumption that each spouse made a substantial contribution to the acquisition of income and property).

Here, the record shows that both Dennis and Glendoris worked hard and contributed to the farm throughout their 22 years of marriage. While Dennis may have made greater monetary contributions to their marital property, Glendoris made significant contributions as a homemaker and helper on the farm. Thus, the trial court's equal division of the parties' property is not an abuse of its discretion.

Dennis also argues that the trial court abused its discretion in ordering Dennis to pay Glendoris the first $20,000 that he receives as his one-half share of the proceeds from the sale of their various properties. The trial court made the $20,000 cash award to Glendoris in order to balance the division of marital property. A partial division of their property resulted in Glendoris receiving assets valued at $7,200 and Dennis receiving assets valued at $51,450. The cash award equalized the property distribution. We find no abuse of the trial court's discretion in this cash award.

## DECISION

The trial court did not abuse its broad discretion in its maintenance award or in its division of the parties' liabilities and property.

Affirmed.