In re the Marriage of Robert G.
PLASTER, petitioner,
Respondent,

v.

Dorothy A. PLASTER, Appellant.

No. C6-85-474

Court of Appeals of Minnesota.

Aug. 27, 1985.

Lester C. Peterson, St. Paul, for respondent.

Ellen Dresselhuis, Minneapolis, for appellant.

Heard, considered and decided by POPOVICH, C.J., and FOLEY and LESLIE, JJ.

## OPINION

FOLEY, Judge.

Dorothy A. Plaster appeals the dissolution judgment of December 20, 1984, claiming the trial court abused its discretion in the property division. Respondent-petitioner Robert G. Plaster filed no notice of appeal. We affirm.

### STATEMENT OF THE FACTS

The parties had been married since 1956. Respondent was employed as a policeman for St. Paul from 1955 through 1981. In 1964, respondent and a friend founded Hillcrest Sportman's Club, a business which offered group rates on charter planes. According to appellant, she subsequently founded Crest Tours, Inc., a travel wholesale business and Hillcrest Travel, a retail business. Both were incorporated in late 1978 and early 1979. There is dispute in the record as to how much respondent participated in the running of these two businesses.

The parties separated in 1979. Respondent did not participate after that time in either Crest Tours or Hillcrest Travel. At the time of the trial, appellant had incurred indebtedness of $219,000.00 to finance the 1984–85 season for both travel businesses with an expectation of profit in spring 1985.

The trial court made the following division of property:

AWARD TO RESPONDENT

Sailboat                    $17,000.00

| | |
|---|---|
| Federal Land Bank investments | 25,000.00 |
| Savings account | 5,000.00 |
| Stock certificates | 6,720.00 |
| 1979 Cadillac | 6,500.00 |
| 1978 Chevrolet van | 6,000.00 |
| Jewelry | 1,500.00 |
| Household goods | 1,000.00 |
| Maurice Meyer painting | 2,500.00 |
| St. Paul policeman's pension | 149,854.00 |
| Cash from appellant | 77,934.00 |
| TOTAL | $299,008.00 |

### AWARD TO APPELLANT

| | |
|---|---|
| Homestead (agreed net value) | $77,000.00 |
| Profit sharing trust (Crest Tours) | 47,000.00 |
| Hillcrest Travel (book value) | 42,400.00 |
| Crest Tours (book value) | 94,000.00 |
| Good will (both businesses) | 20,000.00 |
| IRA account | 7,400.00 |
| Jewelry | 4,000.00 |
| Piano and organ | 3,000.00 |
| Household goods | 4,000.00 |
| Bonds | 110,000.00 |
| Cash on hand | 19,200.00 |
| 1979 Oldsmobile | 2,500.00 |
| | $431,100.00 |
| Less: cash to respondent | 77,934.00 |
| Less: increase in book value of companies since 1979 | 55,728.00 |
| TOTAL | $297,438.00 |

The trial court found that appellant's personal debt of $219,000 is not a constant debt, but a fall investment in the travel businesses with the expectation of profit in the spring. Accordingly, the court disregarded the debt for the purposes of marital liabilities. The trial court also found that the increased book value for Crest Tours and Hillcrest Travel between 1979 and 1984 ($55,728) was not a joint asset because respondent did not contribute to the businesses after 1979 when the couple separated.

From the trial court's judgment Dorothy Plaster filed this appeal.

### ISSUE

Did the trial court err in its division of property?

1. Should the trial court have allocated any of the value of Crest Tours and Hillcrest Travel to respondent?

2. Should the trial court have included the personal debt incurred by appellant to finance her businesses for the 1984–85 season in the marital liabilities?

3. Should the trial court have included the appreciated value of the two travel businesses which occurred after the time the couple separated in the marital assets?

### DISCUSSION

■ The trial court has broad discretion when dividing property in a marriage dissolution. *Schmitz v. Schmitz*, 309 N.W.2d 748 (Minn.1981). Where evidence supports the trial court's determination, this court must affirm even if it would have reached a different conclusion originally. *Posselt v. Posselt*, 271 Minn. 575, 136 N.W.2d 659 (1965). The trial court can be reversed only upon a clear showing of an abuse of discretion. *Bogen v. Bogen*, 261 N.W.2d 606 (Minn.1977).

■ Appellant contends that the cash award of $77,934.00, in addition to the other property awarded respondent, was an abuse of the court's descretion. The amount reflects half of the good will and book value of the travel businesses. Appellant argues that her businesses are high risk, whereas respondent's pension is secure. She contends that allocating the two different types of assets as if they were comparable is not equitable.

Appellant has successfully operated her travel businesses since 1978. By 1984 the combined book value of both had increased to $136,000. Crest Tours profit sharing trust fund was valued at $47,000. These facts argue against the speculative nature of the businesses.

There is sufficient evidence of respondent's contributions to the travel businesses to justify inclusion of these businesses in the marital assets. Minn.Stat. § 518.58 (1982) provides that when the court is dividing marital property, it should consider:

the contribution of each in the acquisition, preservation, depreciation or appreciation in the amount or value of the marital property * * *. It shall be conclusively presumed that each spouse made a substantial contribution to the acquisition of income and property while they were living together as husband and wife.

The court did not abuse its discretion by including in the marital assets the book value prior to 1979 of the two travel businesses. Therefore, it was not error by requiring appellant to pay respondent $77,934.00.

■ Appellant also argues that $33,000 advanced to respondent to support his Sportsman's Club operation should have been deducted from any cash award which appellant was obligated to pay respondent. The trial court dismissed these claims as too speculative. The exhibit which lists these amounts was a summary without documentation. Although a copy of this list appears in appellant's brief, the original is nowhere in the record.

Appellant claims that documentation was available for many of the items of the list, but she was misled into believing that admission of the summary was sufficient, i.e., that the court did not require more. The court has broad discretion in these matters in an effort to make an equitable division of property. The court did not abuse this discretion under these facts.

■ The court did not include in marital liabilities the personal debt which appellant had incurred at the time of trial to finance the 1984–85 travel season for her businesses. Debts are apportionable between spouses in a property settlement. *Filkins v. Filkins,* 347 N.W.2d 526, 529 (Minn.App.1984). Minn.Stat. § 518.58 requires that the trial court make a just and equitable disposition of property. The court is guided by equitable considerations in distributing rights and liabilities and has broad discretion in the distribution. *Kreidler v. Kreidler,* 348 N.W.2d 780, 784 (Minn.App.1984).

The Minnesota Supreme Court held that it was not just to hold a wife jointly liable for the loan used in part to purchase the house which was awarded to the husband in the property settlement. *Stevens v. Stevens,* 300 N.W.2d 1 (Minn.1980).

■ The facts here are comparable. Appellant received the travel businesses as part of her share of the marital property. The debt she incurs each year finances the travel season for these businesses. It would not be equitable to require respondent to share in that debt since he will receive none of the profits expected to result from the 1984–85 travel season. Therefore, the trial court did not abuse its discretion in refusing to include appellant's personal debt, incurred to finance the prospective business season, in the marital liabilities.

■ Respondent argues on appeal that there should have been an equal division of all property, including the appreciated value from 1979 to 1984 of the two travel businesses. Respondent did not file a notice for cross-review as required by Minn. R.Civ.App.P. 106. This court is not obligated to address the issue. However, the issue merges with the entire question of the distribution of property raised by appellant.

■ The trial court was attempting to make an equitable disposition of property. It gave respondent his police pension and half of the book value and good will value of the travel businesses up to 1979. In turn, it gave appellant the two travel businesses and their appreciated value after 1979 when the couple had separated and respondent stopped participating in the companies.

The court also refused to allow appellant to include the personal debt incurred by appellant to finance the 1984–85 travel business in marital debt. She will reap the profits of that business season, as she has benefitted from the appreciated value of the businesses since her separation from respondent. Respondent will not share in

these profits. The division was equitable; the trial court did not abuse its discretion.

## DECISION

We affirm the trial court's division of property.