In Re the Marriage of Janice Mae **BUHR, petitioner, Appellant,**

v.

**Larry James BUHR, Respondent.**

**No. CX–86–956.**

Court of Appeals of Minnesota.

Nov. 4, 1986.

Gary M. Peterson, Faribault, for appellant.

James R. Korman, James R. Korman, Ltd., Faribault, for respondent.

Heard, considered and decided by FOLEY, P.J., and HUSPENI and RANDALL, JJ.

## OPINION

HUSPENI, Judge.

Janice Buhr appeals from the property division and maintenance provisions of her dissolution decree. She argues that the trial court abused its discretion in dividing the parties' property and in awarding maintenance for only four years. Respondent Larry Buhr filed a notice of review, seeking to reverse the award of maintenance. We affirm.

## FACTS

The parties were married on June 11, 1961. They have two children, both of whom are now adults. The Buhrs separated on April 1, 1984, and a temporary hearing was held on September 18, 1985. In the interim, the parties had informally agreed upon an allocation of bills for living expenses. A final hearing on the dissolution of the marriage was held on January 16 and 17, 1986.

At the time of the marriage, respondent was a college freshman. Both parties worked full-time while he completed college. After his graduation in 1965, he went to work for Sears. He continued employment with Sears until 1983, when he bought the Sears catalog store franchise in Faribault. He continues to own and operate that store. The court found his net income from the business to be $1,700.00 per month.

Appellant has not attended college. She was a full-time homemaker from 1965 to 1976. From 1976 to 1979, she worked part-time. Since 1979, she has been employed full-time as a secretary/receptionist/optometric assistant, with a net monthly income of $742.00. She also receives income from investment of non-marital property in the amount of $297.00 per month, before taxes.

The parties agreed to the valuation of assets. Respondent was awarded the catalog store franchise and assets, valued at $3,000.00, and 864 shares of Sears stock, valued at $31,860.00. The stock was awarded to respondent primarily to off-set the allocation of debts. All business-related debts, amounting to $17,726.54, were allocated to him, along with a $5,000.00 loan incurred after the separation. The parties share responsibility for two other loans incurred after the separation, one for $7,000.00 and the other for $4,707.69. Other assets and debts were also allocated but are not at issue here. The division of property can be summarized as follows:

|  | Appellant | Respondent |
|---|---|---|
| Assets | $11,271.17 | $42,185.00 |
| Debts | 5,853.84 | 36,829.62 |
| Net Marital Asset Distribution | 5,417.33 | 5,355.38 |

The court awarded appellant maintenance of $200.00 per month through May, 1986, and $500.00 per month for the following four years.

## ISSUES

1. Did the trial court abuse its discretion in determining the division of property?

2. Did the trial court abuse its discretion in awarding maintenance?

## ANALYSIS

### I.

The property division determined by the trial court results in a nearly equal

division of the net marital assets. Respondent is awarded a larger share of the assets, with a correspondingly larger share of the debts. Appellant argues that the trial court should have divided the Sears stock equally between the parties rather than awarding it entirely to respondent. Appellant argues that without a portion of the stock, the only major liquid asset of the parties, she may be unable to pay debts allocated to her.

■ A trial court has broad discretion in dividing property upon dissolution of a marriage. *Miller v. Miller,* 352 N.W.2d 738 (Minn.1984). An equal division of the wealth accumulated through the joint efforts of the two parties is appropriate when a long-term marriage is dissolved. *Elwell v. Elwell,* 372 N.W.2d 67, 71 (Minn.Ct.App. 1985). The division includes apportionment of both assets and debts. *Plaster v. Plaster,* 373 N.W.2d 604, 607 (Minn.Ct.App. 1985).

The trial court's division of property accumulated during this twenty-five year marriage reflects an approximately equal distribution when both assets and debts are considered. In reaching this result, the court awarded the business and its associated debts to respondent. Appellant does not contest allocating business-related debts to respondent. Further, where one party is awarded sole title to property, it is appropriate to hold only that party liable on associated debts. *Stevens v. Stevens,* 300 N.W.2d 1, 1 (Minn.1980). However, to equalize the distribution, the court awarded a disproportionate share of marital assets to respondent. It did so by means of the Sears stock. We find no abuse of discretion in making such an allocation.

■ Appellant acknowledges that all debts identified by the court as marital debts are, in fact, marital debts, but contends that a $7,000.00 loan incurred on September 4, 1985, which was after the separation but before the temporary hearing, should be allocated entirely to respondent. The parties had informally agreed upon a plan for payment of bills during this time. Respondent states that the funds were used to pay bills accumulated over a year-and-a-half period, when income from the store dropped substantially. He adds that as a result of the informal agreement, he paid approximately $1,000 per month in expenses for appellant and the minor child. Appellant argues that respondent used the money to pay child support and maintenance, and other expenses of appellant and the parties' daughter. She contends that to require her to pay half of the loan would make the child support and maintenance payments illusory.

The court considered the use made of the $7,000 loan proceeds and concluded that the loan was incurred during the marriage and for the benefit of both parties or the family. The court added that the fact appellant had no knowledge of the loan or did not consent to it does not make it a nonmarital debt. We note that what appellant refers to as child support and maintenance payments were in fact an allocation of bills agreed upon by the parties and not court ordered payments based upon a consideration of income and ability to pay. We find no abuse of the court's broad discretion in allocating such a marital debt equally between the parties, particularly when the allocation results in a nearly equal distribution of property.

## II.

■ Both parties seek review of the maintenance award. The trial court found that appellant lacks sufficient property, including marital property apportioned to her, to presently provide for her reasonable needs and that she is presently unable to support herself, after considering all relevant circumstances, through appropriate employment. The court found appellant's monthly expenses to be $1,900.00, her net income from employment to be $742.00, and her pre-tax investment income to be $297.00 per month. Maintenance of $500.00 per month was awarded for a four year period.

Appellant contends that this time period is not sufficient to allow her to complete a

college education which she feels is necessary to improve her earning potential to allow her to adequately support herself. In order to earn a degree within four years, she feels she would have to quit her job and attend school on a full-time basis. She argues that $500.00 per month maintenance payments are insufficient to meet her expenses, forcing her either to deplete her resources while in college or to decide against pursuing a college education. She alleges that the trial court abused its discretion in awarding maintenance that forces her to choose between foregoing her education or depleting her resources, and seeks maintenance for an eight year period to allow her to attend college on a part-time basis and to continue working.

The trial court concluded that the evidence did not support appellant's argument that she intends to go to college, and thus denied her post-trial motion to increase the period of maintenance payments from four to six years. We agree with the trial court's assessment of the evidence. However, despite the scant record, the trial court did go on to address these concerns which are similar to those expressed in *Krick v. Krick*, 349 N.W.2d 350 (Minn.Ct. App.1984) in which this court observed:

> The limited amount of spousal maintenance provided during the [four year] period for education and training forces appellant to choose between foregoing the education and training or completely depleting her resources. To impose this choice *without reference to the assets and expenses of respondent* constitutes error.

*Id.* at 352 (emphasis added).

Here, the trial court did consider respondent's assets and expenses in determining the maintenance award. Respondent has a net monthly income of $1,700.00 and expenses of $1,275.00. The $500.00 maintenance payment will cause his expenditures to exceed his income by $75.00 per month. The record reflects that the trial court completed the analysis envisioned in *Krick* in determining the maintenance award.

Finally, the *Krick* court impliedly recognized that a maintenance award is not erroneous solely because it may force a choice between depleting resources or foregoing education. In certain instances, after considering assets and resources of the parties, the trial court may find such a choice unavoidable.

Respondent has filed a notice of review and seeks to have the maintenance award reversed. He contends he does not have the ability to pay $500 per month, that there was no testimony on appellant's standard of living prior to the divorce, and that her expenses are excessive. Although respondent's estimated monthly expenditures exceed his income by $75.00 when the maintenance award is included, we cannot conclude that such award is beyond his financial abilities or that the trial court abused its discretion. The record indicates that the court reviewed the monthly expenses of both parties, and found appellant's income and investment earnings (totaling $1,039 per month) did not permit her to meet her monthly expenses of $1,900. The addition of $500 per month maintenance still leaves a shortfall of over $350. Respondent's shortfall is $75.00.

In a situation such as this where obligee urges that maintenance is insufficient and obligor urges that it is excessive, and where the record reflects that the trial court carefully discharged its duty to balance need against ability, we can discern no abuse of discretion in that court's determination of the amount and duration of maintenance payments.

### DECISION

The trial court did not abuse its discretion in determining the division of property. Nor did the court abuse its discretion in establishing the amount and duration of maintenance payments.

Affirmed.