**In re the Marriage of Betty Lou KOENEN, Petitioner, Appellant,**

v.

**Stanley KOENEN, Respondent.**

**No. C8–87–89.**

Court of Appeals of Minnesota.

Oct. 13, 1987.

DePaul Willette, Olivia, for appellant.

Ronald C. Anderson, Willmar, for respondent.

Heard, considered and decided by LANSING, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

In this dissolution of a 26–year marriage of a couple engaged in farming, appellant Betty Lou Koenen claims the trial court abused its discretion in its property and maintenance awards. Appellant states that the circumstances of a marriage of substantial length and equal contributions to a successful farming operation require that the marital property be equally divided between the parties, and to that end she requests an additional cash award of $17,500. Appellant also asks for a remand to the trial court for reconsideration of the maintenance award, on the grounds that maintenance of $300 per month for four years is insufficient to meet her minimum needs and rehabilitation expenses. We affirm on the division of property and reverse and remand on the issue of maintenance.

## FACTS

The parties were married in 1960. Throughout their marriage, they devoted almost all of their time to their two children and to the production of income from their farming operation in west central Minnesota. Their farming operation has been largely successful, such that during the last four years of the marriage (1982–85) they had an average spendable income of $42,132. Since 1983, appellant has had additional annual earnings between $1000 to $2000 from the sale of Avon products.

As a result of their efforts over the years, the parties also acquired real estate, farming equipment, and other property. The total net marital estate is worth approximately $274,000. The primary assets of the parties are related to the farming enterprise, including real estate, farm machinery, and standing crops.

The court awarded appellant property with a total net value of approximately $119,000 and awarded respondent property with a net value of approximately $155,000. Respondent's award included about 422 acres of real estate valued at $352,579 with a debt load of $285,359 and a resulting net value of $67,220. His award included farm machinery, growing and stored crops and a storage payment, together with the duty to pay general farm debt of over $50,000. Appellant was awarded 172 acres of real estate valued at $127,487 subject to a mortgage with a balance of $54,589 and thus a net value of $72,898. Her remaining award included $30,000 in cash. The court also awarded appellant attorney fees and appraisal fees.

The court explained its property division by noting several considerations. The trial court's division took into account the need to preserve farm asset holdings so respondent could carry on operations. The court also noted the need to free appellant of any risks connected with farm operations and farm indebtedness.

The trial court found that appellant claimed monthly expenses of $1330 and the court made a maintenance award of $300 per month for a period of four years. The court found that for the purposes of re-

training, appellant's cost of completing a four-year vocational program would be $6200, and that the cost of completing a four-year college program would be $19,300.

## ISSUES

1. Did the trial court abuse its discretion in dividing the property of the parties?

2. Is the maintenance award of $300 per month for four years an abuse of discretion?

## ANALYSIS

### 1.

■ When dividing property from a marriage, the trial court has broad discretion. *Schmitz v. Schmitz*, 309 N.W.2d 748, 750 (Minn.1981). Where the evidence supports the trial court's division, this court must affirm even if it would have reached a different conclusion in the first instance. *Posselt v. Posselt*, 271 Minn. 575, 576, 136 N.W.2d 659, 660–61 (1965). The trial court's decision must be affirmed if it has a "reasonable and acceptable basis in fact and principle." *DuBois v. DuBois*, 335 N.W.2d 503, 507 (Minn.1983).

The record indicates that the court properly took into account each party's contribution to the family farm. The court recognized that each of the parties had been actively involved in the farm operation and it is evident that the court attempted to make the property division as equal as possible.

The governing statute provides that the trial court's property division shall be "just and equitable." Minn.Stat. § 518.58 (1986). The statute further provides that the court shall base its findings on all relevant factors, including:

> the length of the marriage, any prior marriage of a party, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, opportunity for future acquisition of capital assets, and income of each party. The court shall also consider the contribution of each in the acquisition, preservation, depreciation or appreciation in the amount or value of the marital property, as well as the contribution of a spouse as a homemaker. It shall be conclusively presumed that each spouse made a substantial contribution to the acquisition of income and property while they were living together as husband and wife.

*Id.* In addition, this court has stated that an "equal division of the wealth accumulated through the joint efforts of the two parties is appropriate when a long-term marriage is dissolved." *Buhr v. Buhr*, 395 N.W.2d 433, 435 (Minn.Ct.App.1986) (citations omitted).

Appellant reads *Buhr* and other cases to mandate an equal division of property in circumstances of a long marriage and wealth accumulated through the joint efforts of the parties. This is not a correct statement of the law. Rather, those cases affirmed equal property divisions when the circumstances demonstrated that a completely equal division was just and equitable. *See, e.g., Miller v. Miller*, 352 N.W.2d 738, 742 (Minn.1984); *Arundel v. Arundel*, 281 N.W.2d 663, 666 (Minn.1979); *Elwell v. Elwell*, 372 N.W.2d 67, 71 (Minn. Ct.App.1985). The appellate courts have not compelled a mathematically equal property division. *See Gummow v. Gummow*, 356 N.W.2d 426, 429 (Minn.Ct.App.1984).

It was proper for the court to consider the preservation of an operable farm unit and it is undisputed that respondent is the party reasonably expected to continue in the farming industry. At the same time, the court successfully sought to divide the property so that appellant would be spared any of the risk of farm debt or farm operations. As divided, respondent is left with a 422 acre farm with a debt load of $676 an acre. The court also appropriately considered in its property division the fact that respondent would be paying maintenance to petitioner.

We conclude the trial court did not abuse its discretion in dividing the marital property.

### 2.

■ The trial court may grant spousal maintenance if it finds that the spouse

seeking the award lacks sufficient property to provide for reasonable needs considering the standard of living established during the marriage, or is unable to provide adequate self-support through appropriate employment. Minn.Stat. § 518.552, subd. 1 (1986). *Kroening v. Kroening* reversed and remanded an award of $200 monthly temporary maintenance, holding that particularized findings are necessary to show that the trial court considered all the factors relevant to setting the amount and duration of maintenance. 390 N.W.2d 851, 854 (Minn.Ct.App.1986). *See also Riley v. Riley,* 369 N.W.2d 40, 45 (Minn.Ct.App. 1985), *pet. for rev. denied* (Minn. Aug. 29, 1985).

We observe almost no findings of fact by the trial court to permit us to review the maintenance award in this case. It is evident that appellant has invested all her effort for 26 years in the operation of a farming enterprise and that she must sustain herself in an entirely new vocation. The court has found that her only nonagriculture income was in Avon sales for which she earned an income of about $135 per month for the last three years.

The court found that appellant is likely to pursue vocational or college training which would involve considerable expense in addition to her regular monthly needs. The record shows no findings as to what earnings, if any, respondent can expect in the next several years, in the course of appellant's retraining. The court made a finding as to the prior farm income of the couple but did not make a finding as to the anticipated income of the respondent's farm operation with less land and a heavy debt load. *See Kramer v. Kramer,* 372 N.W.2d 364 (Minn.Ct.App.1985) (remand for determination of likely income from altered farm operation), *pet. for rev. denied* (Minn. Oct. 11, 1985). There are no findings as to the income appellant will enjoy relative to the assets set aside for her. There are findings as to the expenses each party claims they will have, but the trial court has not found whether these estimates represent the reasonable or necessary expenses each party will experience.

We remand to the trial court with instructions to make necessary findings and to determine accordingly the appropriate amount and duration of maintenance.

### DECISION

The trial court did not abuse its discretion in dividing the marital property of the parties. It was error, however, to reach a conclusion on the amount of maintenance without appropriate findings of fact. We reverse the maintenance award and remand the case for appropriate findings and conclusions on that subject.

Affirmed in part, reversed in part and remanded.