In re the Marriage of Anna T. LUND, petitioner, Respondent,

v.

Loni J. LUND, Appellant.

No. C3–00–112.

Court of Appeals of Minnesota.

Aug. 15, 2000.

Donald H. Walser, Kraft, Walser, Hetting & Honsey, PLLP, Hutchinson (for respondent).

Kenneth R. White, Farrish Johnson Law Office, Mankato and Raymond O. Walz, Walz Law Office, Redwood Falls (for appellant).

Considered and decided by AMUNDSON, Presiding Judge, CRIPPEN, Judge, and G. BARRY ANDERSON, Judge.

## OPINION

CRIPPEN, Judge

Appellant Loni Lund disputes the trial court's refusal to recognize his tax cost in distributing assets to respondent Anna Lund, asserting that, as a result, the court's division of the marital estate is inequitable. More particularly, appellant contends that there is clear error in the findings of fact made by the trial court to explain its decision to overlook appellant's income tax costs—findings that appellant could avoid the tax consequences that he fears.

The trial court findings at issue being critical to its division of the marital estate, and there being no evidence to permit the findings, we reverse and remand for a redetermination of pertinent facts and the consequential reconsideration of the cash award made to respondent.

## FACTS

The bulk of the Lunds' marital estate consisted of assets used in a farming operation, including considerable stored grain, a moderate real estate investment, farm animals, vehicles, and equipment. The court awarded most farm assets to appellant and determined that respondent should have an equalizing cash award of $100,138.50, payable in four annual installments. Appellant testified that if he were required to make a cash payment to respondent, "I would either sell crop or take a loan on the crop and sell it in the imme-

diate future in order to cover the loan." The court found that appellant's need to sell grain is speculative because he has discretion whether to finance the cash payment.

## ISSUE

Does the trial court's division of property rest on a clearly erroneous finding of fact?

## ANALYSIS

■ The trial court has broad discretion in dividing property in a marriage dissolution, and the court's decision will not be disturbed on appeal unless there has been an abuse of that discretion. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn. 1984). An abuse of discretion will be found only where the trial court resolves the matter in a manner that is against logic and the facts on the record. *Id.* The valuation of an asset is a finding of fact, and an appellate court will reverse only if it is clearly erroneous on the record as a whole. *Hertz v. Hertz*, 304 Minn. 144, 145, 229 N.W.2d 42, 44 (1975); *see also* Minn. R. Civ. P. 52.01.

■ Appellant testified that he would have to sell grain in order to make the cash payments. The trial court found that the need to sell was "speculative" because appellant, alternatively, could finance the cash payment. But this finding lacks any backing in the record. Except as stored grain serves temporarily as collateral for a loan, still being sold in the near future, there is no evidence of credit available to appellant, no evidence of any security he could provide for credit, and no evidence of any source of funds from which he could repay the loans. Under the circumstances, the matter must be remanded for a determination of whether appellant has an absolute need to sell the grain and the record must be reopened singularly to explore whether appellant has any borrowing prospects or reasonable prospects to repay

borrowed money.[1] If grain must be sold, it is evident that the value of the marital estate is significantly reduced by tax costs.

We note that our study of the record indicates a number of considerations not thoroughly discussed by the parties or made clear in the court's findings. These are all matters that should be clarified in order to determine questions left open on remand. For example, we observe that (a) the record does not support the stipulated equity in the farm or demonstrate what assets are being used to secure appellant's operating line of credit, and (b) the record shows that appellant is a vendee in a contract for deed but provides no evidence of how this form of ownership will affect appellant's ability to borrow on the farm equity. The court's rationale no doubt took into account the inexplicable failure of appellant's counsel at trial to produce more information related to appellant's ability to produce cash, but we are mindful in this regard that courts ordinarily are reluctant to punish an innocent client in circumstances like these. *See Nguyen v. State Farm Mut. Auto. Ins. Co.*, 558 N.W.2d 487, 491 (Minn.1997) (noting that even where a client's attorney's neglect was "inexcusable," courts are ordinarily loath to punish the innocent client for the attorney's neglect) (citing *Charson v. Temple Israel*, 419 N.W.2d 488, 491 (Minn. 1988)).

Based on a final determination of the question of grain sales appellant is bound to incur, the court on remand will consider measuring the tax consequences and determine the resulting fair and equitable distribution of property in the marital estate. We observe in this regard that the court found it appropriate to make an equal division of the marital estate, a formula for division that is substantially threatened if appellant must pay considerable income taxes to make the cash payments ordered by the court. The circumstances of the case establish an unusual equity in favor of consideration of appellant's tax consequences.[2]

Appellant contends on appeal that this court should establish a new rule for valuation of grain being held for future sale, arguing that in such circumstances tax consequences always occur. We decline to attempt formulating a rigid proposition of law to deal with the unique facts of this case and defer instead to the discretion of the trial court in its determination of the facts of the case.

Appellant's dispute on appeal goes both to the trial court's judgment and its decision to deny a new trial. The court denied the new-trial motion based on a conclusion that the evidence offered to support appellant's motion could have been produced at trial and thus did not provide a basis to reopen the judgment under Minn. R. Civ. P. 59.01(d). Appellant's production of new evidence is largely in the form of letters from his accountant that project the tax consequences of the sale of stored grain, and correspondence from a local banker stating that the bank would not lend appellant $100,000 based on his available collateral and projected cash flow. Because the

---

1. The court also found that the amount of tax consequences was speculative due to appellant's ability to choose the year to sell the grain. This finding was made notwithstanding the court's determination that appellant would have to produce approximately $25,000 plus interest in each of four successive years to meet the property distribution chosen by the court. Unless temporary loan prospects are identified to permit appellant some discretion in delaying the occurrence of grain sales to meet his payment obligations, it is evident he will have to make sales of at least $25,000 of grain in each of four years.

2. There is irony in the property division provided in the court's order. It threatens an unequal division of the marital estate in favor of the party freed from the risks of a farm operation and against a party whose entire property award is substantially committed to the operation of the farm business. *Cf. Koenen v. Koenen*, 413 N.W.2d 280, 282 (Minn. App.1987) (affirming a 57%–43% division in favor of party carrying on a farm operation, finding it "proper for the court to consider the preservation of an operable farm unit" and the need to free the other party from the risk of farm indebtedness).

matters at issue in the motion are all within the scope of the issues on remand, we need not address appellant's motion for a new trial.

## DECISION

An essential finding of fact having no support in the record, we reverse the trial court's judgment on the division of the marital estate and remand the matter for redetermination of the issue.

**Reversed and remanded.**