**In re the Marriage of Doris M. NELSON, Respondent,**

v.

**Eugene D. NELSON, Appellant.**

**No. C7–84–2255.**

Court of Appeals of Minnesota.

July 9, 1985.

Lynn K. Klobuchar, Duluth, for respondent.

Conrad Lund, Duluth, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

The dissolution judgment and decree, dated July 27, 1976, awarded petitioner-respondent Doris Nelson $600 monthly spousal maintenance. In October 1983, appellant Eugene Nelson moved for an abatement of the payments. The court ordered a two part reduction of maintenance, the first effective November 1983, the second effective September 1986. Appellant moved the court for a reconsideration of its order, which the court denied. Appellant filed a notice of review January 3, 1984. Respondent filed a cross review. We reverse and remand.

## FACTS

The court dissolved the marriage of appellant and respondent in 1976. Respondent was awarded $600 monthly maintenance, "subject to further order of the court and depending on the future of respondent's (appellant Eugene Nelson) employment with Reserve Mining Company."

After appellant was involuntarily retired from Reserve Mining in October 1983, he moved for an abatement of maintenance payments. The trial court issued an order, reducing payments from $600 to $500 a month, effective November 1, 1984. The court further ordered a reduction of payments from $500 to $400 a month, effective September 1, 1986, the date respondent will begin receiving Social Security payments of approximately $200 a month.

## ISSUE

Did the trial court err in reducing the spousal maintenance award?

## DISCUSSION

Appellant argues that because of his involuntary retirement in October 1983,

which reduced his income by 25%, the spousal maintenance payments should be abated until respondent qualifies for Social Security in September 1986. He argues, in the alternative, that payments should be reduced $200, effective immediately, and reduced an additional $211.80, the sum of respondent's Social Security payments, when she begins receiving these payments in September 1986. Respondent maintains that the trial court erred in reducing the maintenance payments because appellant failed to show a substantial change in circumstances.

■ The trial court has broad discretion with respect to maintenance. There must be a clearly erroneous conclusion that is against logic and the facts on record before the reviewing court will find that the trial court abused its discretion. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984). However, an award of alimony is to be modified only upon clear proof of facts showing a substantial change of circumstances from those which existed at the time of the divorce. *Peterson v. Peterson*, 304 Minn. 578, 231 N.W.2d 85 (1975).

At the time the trial court considered appellant's motion for abatement, it had the following facts before it from appellant's answers to interrogatories:

| | |
|---|---|
| Reserve pension | $750 |
| Social Security | 529 |
| Total | $1,279 |

Appellant was also receiving a monthly veteran's pension of $278. In addition, appellant's response to requests for documents indicate that he had assets of $47,845. On federal income tax returns, appellant reported interest for 1980, 1981 and 1982 in the amounts of $1,364, $1,978, and $2,437, respectively.

Respondent submitted that in addition to the Reserve pension, veteran's pension and Social Security, appellant has income of approximately $279 a month. This figure is based on an estimated 7% yearly interest earned on the $47,845 assets invested in savings certificates and a Reserve Mining investment plan. Respondent's income has been the same since the dissolution: $119 from county assistance and $600 maintenance.

In the 1976 dissolution decree, the findings of fact concluded that appellant's monthly income *after taxes* was $1,334 a month or approximately $16,000 *net* yearly. The calculation included Reserve Mining wages and a veteran's pension. In its order reducing respondent's maintenance payments, the trial court here concluded that appellant's *gross* income at the time of the dissolution was $25,000, including Reserve Mining wages and a veteran's pension. The court found his present *gross* income, including Reserve pension, veteran's pension and Social Security was $18,000 a year. Apparently, the court chose to ignore the interest which appellant earns on certificates and the Reserve Mining investment plan in calculating his income.

The calculations here are erratic. The original dissolution decree based maintenance payments on appellant's *net* income. In determining a substantial change in circumstances, on this motion the trial court bases its conclusion on appellant's *gross* income as it existed at the time of the dissolution as well as now in ordering a reduction in maintenance. However, the court excluded from appellant's present income interest which he earns on certificates and a Reserve Mining investment plan.

Including the interest would increase the gross income to about $21,000. Even after taxes, appellant's monthly income is still more at the present (approximately $1,400) than it was at the time of the dissolution (approximately $1,334).

Minn.Stat. § 518.54, subd. 3, defines the source of "maintenance" payments as "future income or earnings of one spouse for the support * * * of the other." Minn. Stat. § 518.54, subd. 6, defines income as "any form of periodic payment to an individual including, but not limited to wages, salaries, * * * pension and disability payments."

■ The court did not abuse its discretion in refusing to abate the maintenance payments until respondent begins to receive Social Security. However, the court had facts before it indicating that appellant's sources of income were not substantially less at the present than they were at the time of the dissolution. Appellant's income from wages had lessened, but his overall income had increased.

■ Because the dissolution decree states that maintenance is "subject to further order of the court and depending on the future of respondent's (appellant's) employment with Reserve Mining Company," does not require the court to decrease maintenance when the appellant's employment situation changes. It may contemplate a change in maintenance payment, but appellant still needs to establish that the change in employment creates a substantial change in circumstances between the time of the dissolution and the time appellant seeks reduction, or in this case, abatement of these payments.

### DECISION

We reverse the trial court's reduction of maintenance payments and remand to determine what appellant's net income is at the present compared to his net income at the time of the dissolution decree. If his present income is substantially the same or greater, the court should not reduce the maintenance payments.

Reversed and remanded.