In re the Marriage of Alice Marie **TORKELSON,** Petitioner, **Appellant,**

v.

Elmo Gehard **TORKELSON,** Respondent.

No. CX–85–168.

Court of Appeals of Minnesota.

Sept. 3, 1985.

Joseph P. Bluth, Johnson & Bluth, North Mankato, for appellant.

Joseph Kaminsky, Minneapolis, for respondent.

Considered and decided by WOZNIAK, P.J., and PARKER and LESLIE, JJ., with oral argument waived.

## SUMMARY OPINION

PARKER, Judge.

Alice Torkelson appeals from a dissolution judgment and decree, contending the trial court should have awarded her permanent maintenance rather than maintenance for a two-year rehabilitation period. We affirm as modified.

### FACTS

Alice Torkelson, now age 51, and Elmo Torkelson, now age 56, were married in May 1954. After 30 years during which they raised seven children to the age of majority, their marriage was dissolved in December 1984.

During the marriage the parties farmed on rented land and worked at various jobs other than farming. At the time of trial Elmo Torkelson was employed as a truck washer, earning $1,247 net per month. From 1962 through 1979, Alice Torkelson worked full time as a cook. Beginning in October 1979 and continuing through the date of trial, she worked 32 hours per week as a housekeeper in addition to a part-time cooking job and earned about $620 net per month. Shortly before trial she quit her job as a cook, because she suffers from chronic obstructive lung disease and could not tolerate the extra hours. Her net income fell to $524 per month. Elmo Torkelson also has significant health problems, including ulcers, high blood pressure and kidney problems.

The only major asset was their unencumbered homestead and the ten acres on which it stands, valued at $28,000. The house needs major structural repairs. The trial court awarded the homestead to Elmo Torkelson but imposed a lien in favor of Alice Torkelson for $14,000, payable within four months of the judgment and decree. If the lien were not paid within that time frame, the court ordered the homestead to be sold and the proceeds divided equally.

The trial court found that Alice Torkelson's health "interferes with her ability to fully support herself," and ordered Elmo Torkelson to pay her $100 per month in maintenance for two years. Before trial, the court had ordered him to pay $200 per month in temporary maintenance. The court also awarded Alice Torkelson a portion of his nonvested pension rights, to be paid when the benefits become available to him. She appeals.

### DISCUSSION

Alice Torkelson disputes both the amount and duration of the maintenance award. She argues that she will never be able to fully support herself, so the trial court should have awarded her $200 per month in permanent maintenance, rather than $100 per month for two years.

■ Minn.Stat. § 518.552, subd. 1 (1984), provides that maintenance shall be awarded if the spouse seeking it lacks sufficient property to provide for reasonable needs and is unable to adequately support himself or herself considering all relevant circumstances. The issue in determining maintenance is basically the financial needs of the spouse receiving it and the ability to meet those needs balanced against the financial condition of the spouse providing the main-

tenance. *Erlandson v. Erlandson*, 318 N.W.2d 36, 39–40 (Minn.1982). On review this court is limited to determining whether the trial court abused the wide discretion accorded to it under the statute. *See id.* at 38.

The record shows that Elmo Torkelson is helping to support three of their children by allowing them to live in his home. He also apparently assumed the responsibility for all of the marital debts. In view of his limited financial resources, we cannot say the trial court abused its discretion in setting the amount of maintenance at $100 per month or in awarding temporary, rather than permanent, maintenance.

The trial court found that Alice Torkelson's ability to work is impaired by chronic obstructive lung disease, but "if she quit smoking, conditions will remain stable and her ability to work will improve." The duration of the maintenance was set at two years to "allow her to get work adjusted, either through education or through work experience." The record shows that Alice Torkelson stopped smoking in 1982, and the only medical testimony, given by her physician, was that her lung function will continue to worsen. In addition, her physician testified that although at present she is able to perform limited manual labor, "whether over the long term that would continue to be the case would * * * remain to be seen."

Although Alice Torkelson worked throughout her marriage, her financial resources at present are insufficient to meet her needs independently. It is not clear, in view of her health, age, and skills, whether a rehabilitative maintenance plan will succeed. In the case of an older, dependent spouse in a lengthy traditional marriage, where rehabilitative maintenance is used and the contemplated success of the rehabilitation plans is not clearly indicated from the record, the trial judge should consider retaining continuing jurisdiction to revise, if necessary, the amount and duration of the maintenance. *McClelland v. McClelland*, 359 N.W.2d 7, 10 (Minn.1984); *see*

*also Abuzzahab v. Abuzzahab*, 359 N.W.2d 12, 14 (Minn.1984). In this case the trial judge should retain jurisdiction over the maintenance issue and re-evaluate the parties' needs and relative financial resources at the end of the temporary period.

## DECISION

The trial court did not abuse its discretion in awarding appellant temporary, rather than permanent, maintenance; however, the trial court must retain jurisdiction of the maintenance issue because the success of a rehabilitative maintenance plan cannot be clearly predicted.

Affirmed as modified.