**In re the Marriage of Helen G. ZAGAR, Petitioner, Appellant,**

v.

**Anthony J. ZAGAR, Respondent.**

**No. C9-86-687.**

Court of Appeals of Minnesota.

Nov. 18, 1986.

Stuart E. Gale, Bloomington, for appellant.

Wendy L. Arcand, Minneapolis, for respondent.

Considered and decided by CRIPPEN, P.J., and LANSING and LESLIE, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

This appeal questions the exercise of discretion in suspending maintenance and partially forgiving unpaid arrearages. Appellant also contends the trial court erred in denying her an award for attorney fees and refusing to demand security for payment of unforgiven maintenance in arrears. We affirm.

## FACTS

The marriage of the parties was dissolved in 1977. Maintenance and property division issues were resolved according to their stipulation; respondent was required to pay $300 per month as maintenance. The trial court at that time made no findings on appellant's need for maintenance or respondent's ability to pay.

After paying all maintenance due for six years, respondent Anthony Zagar stopped making payments late in 1983 because of loss of income connected with an involuntary early retirement. Respondent's 1984 gross income was half of what he earned one year earlier.

Late in 1985, appellant Helen Zagar moved for a finding that respondent was in contempt of court for nonpayment of maintenance. Appellant also sought a $7500 judgment for arrearages and an award for her attorney fees. In its subsequent order, the trial court (1) suspended maintenance, but with reservation of jurisdiction on the issue, (2) awarded a $5174.62 judgment to appellant for unpaid maintenance arrearages, (3) stayed entry of the arrearages judgment so long as respondent paid $100 each month on the obligation, (4) denied other relief, including an award for attorney fees.

The trial court altered the maintenance award based on the conclusion that decreased income of respondent and increased income of appellant constituted substantially changed circumstances making the original award unreasonable and unfair. The court found that respondent had a 1985 monthly gross income of $1201, that his current monthly expenses of $1197 were reasonable, and that he had monthly gross income of $1548 in 1977. The court found appellant had no income in 1977, but that she now received $294 per month social security and a monthly contract for deed payment of $615; the record shows that these contract payments included approximately $580 per month interest. The court found that appellant had necessary monthly living expenses of $915, the amount appellant claimed in an affidavit supporting her motion.

· The trial court found respondent was responsible for $374.62 in maintenance unpaid in 1983, $1800 unpaid in 1984, and $3000 unpaid through October 1985. The court found respondent's failure to pay another $1800 in 1984 was not willful and forgave that amount of the arrearages. The court found respondent's 1984 gross income was only $8838.

The trial court found that respondent owns a home purchased in 1983 for $54,-500, but has no other assets he could liquidate. The record shows he owns a used car. Appellant sold her home, explaining her receipt of contract payments. The 1983 sale price was $77,000, and only $7000 was paid down at the time of sale. It is not evident that appellant retains any other significant assets.

## ISSUES

Did the trial court err in (1) electing to modify the maintenance award; (2) suspending maintenance and forgiving some arrearages; (3) failing to require security for payment of arrearages; (4) refusing an award of attorney fees?

## ANALYSIS

■ A maintenance award may be modified upon a trial court finding that substantially changed circumstances make the earlier award unreasonable and unfair. Minn.Stat. § 518.64, subd. 2 (1984). Trial court decisions setting or modifying a maintenance award must be affirmed if the court has not abused its wide discretion. *See Erlandson v. Erlandson,* 318 N.W.2d 36, 38 (Minn.1982). Unless they are clearly erroneous, underlying findings of fact must not be set aside. Minn.R.Civ.P. 52.01.

■ 1. The trial court decision to modify respondent's maintenance obligation is supported by adequate findings both as to decreased need and decreased ability to pay. The modification statute specifically names these factors among several bearing on cause for modifying a maintenance or-

der. Minn.Stat. § 518.64, subd. 2(1) and (2).

Appellant contends the trial court erred by choosing to compare respondent's gross incomes in 1977 and 1985, rather than comparing his net incomes. Respondent's 1985 gross income was 22 percent less than he enjoyed in 1977. It is reasonable to imagine, as appellant argues, that respondent's higher 1977 income would produce a higher tax obligation, so that his net income reduction may be less than the reduction in gross income. This rationale is more telling because respondent's 1977 income was all earned and his 1985 income includes $578 per month pension and social security benefits.

Appellant's rationale fails, however, because it is confined solely to the circumstance of respondent's income. The trial court also found major changes in appellant's circumstances. In addition, the court found respondent has reasonable monthly expenses of $1107, nearly equal to his gross income and greater than his net income. These additional trial court findings are supported by substantial evidence.

 2. Having decided the maintenance award could be modified, the trial court held that future maintenance should presently be suspended and that some 1984 arrearages should be forgiven. These conclusions are also sustained by findings on the financial circumstances of the parties.

Appellant contends the court failed to correctly assess her needs by failing to upgrade her standard of living and consider her medical expense needs. Appellant produced a claim to the trial court that her monthly expenses totaled $915. We are not free on appeal to consider whether this affidavit understated her needs. In addition, we note that the trial court has reserved jurisdiction to reinstate maintenance in the event this is justified by a further change in the circumstances of either party.

 Appellant also contends the trial court erred by understating respondent's present ability to pay maintenance. Specif-

ically, appellant argues that respondent's ability is enlarged if he is charged with income that could be produced by rental or sale of his home, an argument premised on the fact that appellant sold her home and has been found less in need of maintenance because of interest earned on the sale proceeds.

Maintenance under our statutes is an award of payments "from the future income or earnings" of one spouse to support the other. Minn.Stat. § 518.54, subd. 3 (1984). *See Nelson v. Nelson,* 371 N.W.2d 19, 21 (Minn.Ct.App.1985). We find no authority to support appellant's suggestion that an award be preserved based on an expectation that the obligor liquidate assets to make payments.

It is evident, as appellant contends, that she is able to meet her financial obligations because she has sold her only asset, her home. Respondent's financial needs are greater because he has retained his only asset, his home. In taking responsible action to meet financial needs with limited resources, appellant places herself at risk. The trial court's reservation of jurisdiction on maintenance is prudent.

Finally, appellant asserts the trial judge wrongfully refused further evidence to refute an affidavit respondent furnished to the court on the day of the final hearing. The issue raised by the late affidavit had to do with a disputed claim that respondent owed money borrowed from a relative to pay for his home. This issue also relates singularly to the value of respondent's home investment. It does not materially relate to the issue of respondent's "future earnings or income." *See* Minn.Stat. § 518.54, subd. 3 (1984).

It is unclear whether forgiveness of 1984 maintenance arrearages was based solely on respondent's reduced income, but that is evidently the case. Because respondent's 1984 income was greatly reduced, to a level less than his income before or after that year, we cannot conclude that the trial court abused its discretion by partially forgiving the obligation for this year.

3. The trial court may require security to enforce payment of maintenance. Minn.Stat. § 518.24 (1984). We view this subject as almost wholly within the trial court's discretion. Here the court stayed entry of the judgment for arrearages and reserved the power to enter the judgment whenever $100 monthly payments are not made. It was not an abuse of discretion under these circumstances to elect against requiring further security for the payments.

4. We will rarely reverse the trial court on its response to a request for attorney fees, and we find no special reason to do so here. *See Rosenberg v. Rosenberg,* 379 N.W.2d 580, 587 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Feb. 19, 1986).

## DECISION

The trial court did not abuse its discretion in modifying respondent's maintenance obligation, denying further security for payment of arrearages, or denying an award for appellant's attorney fees.

Affirmed.