In re the Marriage of Parnell J. HILLESTAD, Petitioner, Respondent,

v.

Ruth M. HILLESTAD, Appellant.

No. C9-86-1824.

Court of Appeals of Minnesota.

May 12, 1987.

Review Dismissed June 30, 1987.

Dianne Wright, Janecek & Wright, New Brighton, for respondent.

Ragnhild Anne Westby, St. Paul, for appellant.

Heard, considered and decided by POPOVICH, C.J., and HUSPENI and MULALLY, JJ.*

## OPINION

POPOVICH, Chief Judge.

This appeal is from an order denying appellant's motion to continue spousal maintenance and alternatively to modify her share of respondent's pension within a 1983 property division. Appellant claims the evidence shows (1) without continued maintenance, appellant's income is substan-

---

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

tially decreased while her needs and respondent's income have increased, rendering the original maintenance award unreasonable, (2) alternatively, modification of the pension award is necessary to compensate for maintenance termination, or (3) remand is necessary for determination of respondent's retirement age and further discovery. We affirm.

## FACTS

Appellant Ruth Hillestad and respondent Parnell Hillestad were divorced by a dissolution judgment and decree entered February 25, 1982. During the course of their 31–year marriage, appellant was not significantly employed outside the home. Shortly before the dissolution proceedings, appellant commenced part-time employment as a bank teller. Throughout the marriage, respondent was, and still is, employed by the Army Corps of Engineers.

The decree entitled appellant, then age 52, to receive both $650 spousal maintenance and homestead occupancy until her 55th birthday, October 24, 1986. At that time appellant was required to sell the homestead and after deducting her equity share contributed since the dissolution, divide the proceeds equally between the parties.

Upon respondent's retirement, appellant was also entitled to one-half of respondent's civil service retirement payments available when he reaches age 55, February 8, 1986. The decree provided:

*Civil Service Retirement Plan.* [Appellant] is granted an annuity interest in [respondent's] retirement plan equal to one-half (½) the amount [respondent] would otherwise receive if the annuity payments were available and valued as of the date of this Decree. * * * In the event that [respondent] does not retire on or before February 8, 1986 commencing immediately from that date [respondent] shall thereafter pay interest to [appellant] on her share of the annuity payment at the Minnesota judgment rate of interest.

Respondent chose not to retire in February 1986. Because appellant was then entitled only to interest on her share of the annuity payment and would lose her maintenance the following October, in June 1986 appellant moved to continue maintenance until respondent's retirement. Alternatively, appellant sought to modify the pension award to grant her one-half the annuity payment as if respondent had retired.

Following extended time for discovery, on September 25, 1986 a hearing was held at which appellant attempted to show respondent's 1983 earnings substantially increased from $35,506 to $41,129 currently. In addition, appellant claimed without continued maintenance her substantially reduced income inadequately covered her increased needs.

Respondent, however, presented evidence demonstrating his increased earnings were offset by job transfer costs. In addition, respondent presented evidence indicating appellant's expenses actually decreased since the dissolution, except for her food and clothing expenses that he alleged were unsubstantiated. Further, respondent claimed appellant's ability to meet her needs increased because her hourly wage increased from $6.72 to $6.99 and monthly hours increased from 128 to 138. The trial court agreed with respondent and concluded:

[Appellant] has failed to present evidence sufficient to support a finding that there was a substantial change in circumstances. In addition [appellant] has not shown that the existing Decree is unfair to her on the issue of spousal maintenance. From the affidavits submitted by the parties it is true that [respondent's] income has increased. However, his expenses of transferring from one location to another were significant. Minnesota Statute 518.64 requires [appellant] to prove that the increase was so substantial as to constitute a substantial change in circumstances. In comparison of the trial evidence * * * with the expenses listed as an attachment to the motion it is indicated that in most areas [appellant's] expenses have decreased. [Appellant's] claimed expenses of $1,000 per month for food and clothing appear to be extrava-

gant. [Respondent's] attorney argued that the canceled checks, presented as part of discovery in connection with this motion, reflected that the actual food costs were less than 20% of the claimed figure and the clothing costs were little more than 50% of the claimed figure per month. In addition [appellant's] hourly wage and number of hours per week worked has increased since the time of the entry of the Judgment and Decree.

The court further denied appellant's request the court modify the property distribution to immediately grant her one-half of respondent's anticipated monthly annuity payments. Appellant made no post-trial motions but appealed from the order entered September 26, 1986.

## ISSUES

1. Did the trial court abuse its discretion in denying the motion to continue spousal maintenance?

2. Did the trial court properly decline to modify the 1983 property division?

## ANALYSIS

1. A trial court has broad discretion in determining matters relating to maintenance. An appellate court will not find an abuse of discretion unless the trial court's determination is based on a clearly erroneous conclusion that is against logic and the facts on record.

*Sand v. Sand,* 379 N.W.2d 119, 120 (Minn. Ct.App.1985), *pet. for rev. denied,* (Minn. Jan. 31, 1986).

A party seeking modification of a maintenance award must positively show one or more of the following:

(1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; * * * [either] of which makes the terms unreasonable and unfair. On a motion for modification of maintenance, the court shall apply, in addition to all other relevant factors, the factors for an award of maintenance under section 518.-552 that exist at the time of the motion.

Minn.Stat. § 518.64, subd. 2 (1986). Factors under section 518.552 allow the court to grant maintenance when the spouse seeking maintenance:

(a) lacks sufficient property, including marital property apportioned to the spouse, to provide for reasonable needs of the spouse considering the standard of living established during the marriage, especially, but not limited to, a period of training or education, or

(b) is unable to provide adequate self-support, after considering the standard of living established during the marriage and all relevant circumstances, through appropriate employment, or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

*Id.* § 518.552, subd. 1.

Appellant primarily argues for continued maintenance based on the section 518.552 factors. Specifically, she argues without continued maintenance, she lacks sufficient resources to meet her increased needs. Because respondent did not retire at age 55, she is not receiving $962, one-half of his $1924 monthly annuity payment. Instead, she receives only the annuity's interest, which respondent correctly calculates as $76.96 (.08% interest × $1924/2). Further, she anticipates increased housing costs upon the sale of her homestead. While she will be receiving her share of the sale proceeds, she claims much of that amount will be applied to retire debt, resulting in only a minimal amount to invest. She argues she should not be required to invade the principal amount to satisfy her monthly financial needs. *Elwell v. Elwell,* 372 N.W.2d 67, 70 (Minn.Ct.App.1985).

In addition, appellant claims she is unable to adequately support herself because she continues to suffer from poor health. In the original decree the court found "[appellant] suffers from compressed vertebrae, and polymyositis substantially contributing to her inability to work full time."

■ To warrant modification under section 518.64, subd. 2, however, appellant must show "clear proof of facts showing a *substantial change* of circumstances from

those existing at the time of the dissolution." *Wiese v. Wiese,* 295 N.W.2d 371, 372 (Minn.1980) (emphasis added). Appellant does not base her arguments on substantially changed circumstances, but on those circumstances either in existence or contemplated three years earlier at the time of the dissolution.

The record supports the trial court's finding respondent's income has not increased substantially in light of his job transfer costs. Moreover, the evidence shows appellant's expenses since the dissolution have actually decreased, while her income has increased. Although appellant claims poor health continues to allow her only part-time employment, she submitted no supporting medical records and the evidence shows she increased her working hours. *See Sand,* 379 N.W.2d at 124 (general allegation of poor health insufficient to support modification). Therefore, the record supports the trial court's conclusion no substantial change in circumstances has occurred to render the decree's terms unreasonable and unfair. The court properly denied appellant's modification motion to continue maintenance.

■ 2. Minn.Stat. § 518.64, subd. 2 (1986) expressly provides "all divisions of real and personal property provided by section 518.58 shall be final." *Id.; see Angelos v. Angelos,* 367 N.W.2d 518, 520 (Minn. 1985). Property divisions become final for the purposes of Minn.Stat. § 518.64 once the time for appealing from the judgment and decree has expired. *Boom v. Boom,* 367 N.W.2d 536, 538 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. June 27, 1985). A trial court does not have authority to modify a property division after the original decree has been entered and the time for appeal has expired. *Arzt v. Arzt,* 361 N.W.2d 135, 136–37 (Minn.Ct.App.1985).

Appellant claims the court in the original decree contemplated her share of respondent's annuity payment would replace terminated maintenance. Although respondent elected not to retire, she argues she is entitled to her share of his annuity as if he had retired.

■ The decree provided, however, appellant's maintenance would terminate at the same time the homestead was to be sold. It follows appellant's income was to be supplemented by investment income from the homestead sale proceeds, not necessarily her annuity share. The decree did not require respondent to retire at age 55, but alternatively provided if he did not retire, appellant would receive interest on her share of the annuity payment.

Essentially appellant is arguing the alternative interest payment should be replaced with appellant's full annuity portion. Appellant therefore is improperly seeking modification of the 1983 property division after time for appeal has expired.

Similarly, appellant argues the interest on the annuity should be valued at its total deferred value of $211,000, yielding interest of $703.33. The decree does not specify interest on the entire value, but only the "annuity payment" value. Again, appellant is seeking to modify the property division, which is not permitted at this late date.

■ 3. Alternatively, appellant requests remand for determination of respondent's retirement age and further discovery. We conclude remand on these grounds is inappropriate. The decree adequately establishes respondent's retirement age necessary to value his retirement benefits. *See, e.g., Durand v. Durand,* 367 N.W.2d 621, 625–26 (Minn.Ct.App.1985) (remand to determine retirement age necessary only to value pension benefits). Similarly, the record shows the parties were provided ample time for discovery prior to trial. *See, e.g., Mathias v. Mathias,* 365 N.W.2d 293, 297–98 (Minn.Ct.App.1985) (remand appropriate when party completely denied opportunity for discovery).

**DECISION**

The trial court did not abuse its discretion in denying motion to continue spousal maintenance. The trial court properly declined to modify the 1983 property division.

Affirmed.