**In re the Marriage of Adelaide KARG, a/k/a Joyce Karg, Petitioner, Respondent,**

v.

**Robert C. KARG, Appellant.**

**No. C3-87-1750.**

Court of Appeals of Minnesota.

Jan. 26, 1988.

 

James L. Wahlfors, Minneapolis, for respondent.

Ronald D. Ousky, Carolyn J. Trevis, Minneapolis, for appellant.

Heard and considered by NIERENGARTEN, P.J., and LANSING and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

Appellant Robert Karg contends that the trial court abused its discretion in awarding respondent Adelaide Karg permanent spousal maintenance of $500 per month, and in ordering appellant to pay respondent's attorney fees. We affirm.

## FACTS

After 27 years, the parties' marriage was dissolved in 1982. At the time of the dissolution, appellant was 48 years old and re-

spondent was 51 years old. The parties had two unemancipated children, Robert, age 14, and Kathryn, age 10. The parties share joint custody of the children.

The original judgment and decree awarded appellant the family cottage, a car, his pension and retirement fund, several banking and investment funds, a 1981 tax refund, the interest on a certificate of deposit until November 1982 and his personal property for a total property award of $123,593. Respondent was awarded the homestead, a car, two bank accounts and a $35,000 certificate of deposit for a total property award of $62,448.

Appellant was ordered to pay respondent $3,000 for her attorney fees and to pay respondent child support for the months that she had physical custody of their children. Respondent was awarded temporary spousal maintenance for three and a half years. The spousal maintenance payment was $200 per month if respondent was enrolled in a vocational or educational program for the purpose of gaining future employment, otherwise the payment was $150 per month.

In 1983, a three judge district court panel reviewed the denial of the parties' motions to amend the findings of fact, conclusions of law and judgment and decree. The three judge panel was "deeply troubled" by the trial court's award of temporary maintenance. The district court panel held:

> Our application of the evidence to each of the factors in M.S. [§ 518.552] (a) through (g) compels us to conclude that Joyce Karg is entitled to a greater award of temporary maintenance than set by the Trial Court. Given the length of the marriage, Joyce Karg's lack of meaningful employment skills, her limited retraining potential in the Litchfield area, and Robert Karg's income, we believe that an award of temporary maintenance in the sum of $500.00 per month for the period from November 1, 1983, through June, 1986, is clearly appropriate. The Trial Court's award of maintenance of $200.00 per month * * * is hereby stricken.

We decline to make the award of maintenance permanent at this time. We recognize the concept of rehabilitative maintenance set forth in M.S. § 518.552. The public policy of rehabilitative maintenance is designed to encourage spouses whose employment skills have atrophied during the marital relationship to seek financial independence through retraining efforts. If Joyce Karg is unable to become financially independent by June, 1986, she may seek an extension of the temporary maintenance award.

In 1986, appellant moved for termination of spousal maintenance. Respondent moved for permanent maintenance, contempt of court for failure to pay child support, payment of previously awarded attorney fees, and a change in physical custody and visitation. The trial court denied appellant's motion and ordered appellant to pay child support arrearages and attorney fees with interest, and awarded respondent permanent maintenance of $500 per month.

Appellant moved to amend the court's order. The amended judgment and decree ordered appellant to pay attorney fees awarded in the original decree plus those attorney fees and costs incurred after entry of the original decree and a monthly $250 child support obligation. Respondent was awarded permanent spousal maintenance of $500 per month.

## ISSUES

1. Did the trial court err in awarding respondent permanent spousal maintenance of $500 per month?

2. Did the trial court err in ordering appellant to pay respondent's attorney fees and costs?

## ANALYSIS

### 1. *Spousal Maintenance*

The appellate standard in reviewing spousal maintenance awards is whether the trial court abused its wide discretion. *Erlandson v. Erlandson*, 318 N.W.2d 36, 38 (Minn.1982). In awarding spousal maintenance, the trial court first must consider the standard of living established during

the marriage and whether respondent (a) lacks sufficient property to provide for her reasonable needs or (b) is unable to adequately support herself. Minn.Stat. § 518.552, subd. 1 (1986). Some of the relevant factors for the court to consider in setting the amount and duration of a spousal maintenance award include

(a) the financial resources of the party seeking maintenance, including marital property apportioned to the party, and the party's ability to meet needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(b) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment, and the probability, given the party's age and skills, of completing education or training and becoming fully or partially self-supporting;

(c) the standard of living established during the marriage;

(d) the duration of the marriage and, in the case of a homemaker, the length of absence from employment and the extent to which any education, skills, or experience have become outmoded and earning capacity has become permanently diminished;

(e) the loss of earnings, seniority, retirement benefits, and other employment opportunities foregone by the spouse seeking spousal maintenance;

(f) the age, and the physical and emotional condition of the spouse seeking maintenance;

(g) the ability of the spouse from whom maintenance is sought to meet needs while meeting those of the spouse seeking maintenance; and

(h) the contribution of each party in the acquisition, preservation, depreciation, or appreciation in the amount or value of the marital property, as well as the contribution of a spouse as a homemaker or in furtherance of the other party's employment or business.

Minn.Stat. § 518.552, subd. 2 (1986). "Each case must be decided on its own facts and no single statutory factor for determining the type or amount of maintenance is dispositive." *Broms v. Broms*, 353 N.W.2d 135, 138 (Minn.1984). In addition,

[w]here there is some uncertainty as to the necessity of a permanent award, the court shall order a permanent award leaving its order open for later modification.

Minn.Stat. § 518.552, subd. 3 (1986).

■ Appellant argues that the trial court abused its discretion in making the spousal maintenance award permanent. Appellant states that the change in the award is really a modification of the original decree and should be examined under Minn.Stat. § 518.64 (1986). This is not a modification of an existing decree because the original award of temporary maintenance has ended and because in 1983 a three judge district court panel held that respondent could seek an extension of the maintenance award. That a "permanent" extension of maintenance is now appropriate and justified does not transform this into a modification proceeding.

As the supreme court noted:

An award of temporary maintenance is based on the assumption that the party receiving the award not only should strive to obtain suitable employment and become self-supporting but that he or she will attain that goal. Although equity would support modification of the temporary award if that person cannot become fully self-supporting during the period of the temporary award, a petition for modification does not comfortably fit the statutory format. The basis for modification of an award of maintenance is a change of circumstances which makes the terms of the award unreasonable or unfair— substantially increased or decreased earnings or need of a party, receipt of public assistance, or a change in the cost- of-living. Minn.Stat. § 518.64 (1986). Although the court is required on a motion for modification to apply, in addition to all relevant factors, the factors for an award of maintenance under section 518.552, the person who can-

not secure employment or who can become only partially self-supporting is hard pressed to meet the burden of proving either that the petitioner's earnings have decreased or his or her need has increased. The actual fact is that the change in the petitioner's circumstances is insufficient or nonexistent, yet by the terms of the decree maintenance is to cease. On the other hand, if there is a change in the earnings or needs of the maintenance payer which makes the terms of the award unfair or unreasonable, the change will support a petition for modification.

*Nardini v. Nardini,* 414 N.W.2d 184, 198–99 (Minn.1987).

■ This is a case where there has been no change in the circumstances of the parties (other than the realization that respondent will be unable to become fully self-supporting) since the award of temporary maintenance. Nonetheless, the absence of a permanent award is now unfair. This was a 27–year traditional marriage where respondent was the primary homemaker and appellant was the primary breadwinner. Respondent is a high school graduate and had worked outside the home in the first years of marriage before quitting in order to raise the couple's seven children. Respondent is now 56 years old and has been working as a dishwasher for the last two and a half years. She earns $365.00 per month and receives $200–300 per month in interest from the certificate of deposit. Appellant has been employed as a district sales manager for a manufacturing company for many years with a current net monthly income of $1,528.

Respondent was awarded temporary maintenance with the expectation that she would become self-supporting. She has not been able to attain that goal. This situation was foreseen by the district court panel when they suggested respondent seek an extension of the award if she did not become financially independent. Given respondent's age, lack of highly marketable skills, limited financial resources, and inability to become self-sufficient in the last three and a half years, it is unlikely that respondent will ever attain self-sufficiency.

The trial court did not abuse its discretion by awarding respondent permanent maintenance.

### 2. *Attorney fees*

■ In dissolution proceedings, after consideration of the financial resources of both parties, the trial court may require one party to pay a reasonable amount necessary to enable the other spouse to carry on or contest the proceeding. Minn.Stat. § 518.14 (1986). Such an award of attorney fees is discretionary. *Solon v. Solon,* 255 N.W.2d 395, 397 (Minn.1977). In *Schultz v. Schultz,* 383 N.W.2d 379, 383 (Minn.Ct.App.1986), the wife was awarded attorney fees where she would have had to liquidate a substantial portion of the property award to pay substantial attorney fees and husband was better able to pay.

■ Here, respondent would have to sell her home or car or liquidate the certificate of deposit to pay her attorney fees. Using any one of these assets would effectively eliminate her property award. In addition, appellant's income is substantially higher than respondent's. The trial court did not abuse its discretion in ordering appellant to pay respondent's attorney fees and costs.

### DECISION

Affirmed.