**In re the Marriage of Helen ZAMORA, Petitioner, Appellant,**

v.

**Daniel H. ZAMORA, Respondent.**

No. C5-88-1288.

Court of Appeals of Minnesota.

Feb. 14, 1989.

Catherine Brown Furness, Owatonna, for petitioner, appellant.

Richard E. Tollefson, Smith & Tollefson, Owatonna, for respondent.

Heard, considered and decided by SCHUMACHER, P.J. and PARKER and SHORT, JJ.

## OPINION

SHORT, Judge.

Helen Zamora appeals from the trial court's order denying her motion for permanent maintenance. We find that the trial court abused its discretion in denying the motion and we reverse.

## FACTS

Appellant Helen Zamora and respondent Daniel H. Zamora were married in July, 1959. The parties separated in 1983 and commenced dissolution proceedings. At the time of the dissolution proceedings in August of 1984, appellant had two part-time jobs, one as a $3.90 per hour meat wrapper and another as a $2.75 per hour waitress. Respondent earned $8.50 per hour for a minimum guaranteed 37 hours per week at a packing house. After a two day trial, the trial court concluded that appellant's employment potential was restricted to sedentary work because of her fragile physical condition as a Brittle diabetic. The trial court found that appellant:

has been a housewife and mother in a 25–year marriage that produced several children, all of whom are now adults. The [Appellant's] work experience has been limited to occupational and intermittent part-time jobs such as waitressing. As a consequence of this situation, together with a lack of education or vocational training, the [Appellant] has no marketable job skills. Her problem is compounded by her age and the fragile state of her health. The situation appears to call for extended, if not permanent, spousal maintenance; however, the Court prefers to assess and make a disposition of this issue after the [Appel-

lant] has completed the vocational training program in which she is now enrolled and, further, thereafter when some time has elapsed to evaluate her employment potential.

The trial court then ordered respondent to pay appellant $200.00 per month in maintenance and an additional $42.00 per month for the purchase of health insurance until December, 1987. In ruling on a motion for Amended Findings of Fact, the trial court stated:

> [T]his is a case where I think without question, the Court could order permanent maintenance until the death of the [Appellant], but is reserving that—some determination of that until the date indicated in the decree to see exactly what your former wife's circumstances are at that time * * *.

In September of 1984, appellant began a two year accounting course at the Albert Lea Area Vocational Technical Institute ("ALAVTI"). She continued to work her two part-time jobs. By December of 1985, appellant's health problems forced her to drop out of the accounting classes because she was unable to attend full class days as required by ALAVTI. She did, however, successfully complete a night bookkeeping program.

In December of 1987, appellant moved the trial court for permanent maintenance in the sum of $300.00 a month. Appellant's expenses are $712.00 and her sole source of income is now approximately $300.00 from part-time work at Skelly Truck Stop in Ellendale, Minnesota. Appellant's doctor stated in an affidavit that appellant's physical condition has worsened since 1984.

In a May 27, 1988 order, the trial court denied appellant's motion for permanent maintenance because 1) appellant failed to rehabilitate herself; 2) appellant failed to make sufficient efforts at finding substantive employment; and 3) appellant is raising the parties' grandchild with no financial

assistance from the child's parents. The trial court ordered that respondent continue to pay temporary maintenance in the amount of $200.00 per month, plus $42.00 per month for health insurance through December, 1989. Beginning on January 1, 1990, respondent's obligation to appellant is reduced to $42.00 per month for health insurance.

## ISSUE

Did the trial court abuse its discretion in failing to award appellant permanent spousal maintenance?

## ANALYSIS

In dissolution cases, the trial court has broad discretion in deciding whether to award maintenance and in determining the duration and amount of maintenance. The trial court's determination must be affirmed unless the court abused its discretion. *Erlandson v. Erlandson*, 318 N.W.2d 36, 38 (Minn.1982). Before this court will find that the trial court abused its discretion, there must be a clearly erroneous conclusion that is against logic and the facts on record. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984). The trial court's decision must be examined in light of the factors enumerated in Minn. Stat. § 518.552 (1988).[1] *Erlandson*, 318 N.W.2d at 38. Furthermore, each case must be determined on its own facts, and no single statutory factor for determining the type or amount of maintenance is dispositive. *Broms v. Broms*, 353 N.W.2d 135, 138 (Minn.1984); *Erlandson*, 318 N.W. 2d at 39.

In the instant case, the trial court declined to award appellant permanent maintenance because it found that she chose not to rehabilitate herself during the previous three years. That conclusion is against logic and the facts on record. At the time of the dissolution decree in 1984,

1. Although this case appears to be a modification of an existing decree, Minn.Stat. § 518.64 (1988) does not apply because the original award of temporary maintenance has ended and the trial court specifically reserved jurisdiction of the matter of spousal maintenance for

the purpose of a future determination. That a "permanent" extension of maintenance may be appropriate does not transform this into a modification proceeding. *See Karg v. Karg*, 418 N.W. 2d 198, 201 (Minn.Ct.App.1988).

appellant was a high school graduate with no vocational skills. During the 25 year marriage, appellant was a homemaker and raised the parties' four children. As the trial court stated in its original Findings of Fact and Conclusions of Law, appellant's work experience has been limited to "occupational and intermittent part-time jobs such as waitressing." Moreover, appellant was diagnosed as a diabetic in 1963 and has had numerous health problems associated with that disease.

Since the divorce decree, appellant has completed a night program in bookkeeping and attended accounting classes at ALAVTI from September, 1984 through December, 1985 when she was forced to quit due to her illness. She has been unable to find full time employment and earns only $300 per month as a part-time employee at Skelly Truck Stop. By contrast, respondent has a net monthly income of $1,096.00. Appellant was awarded temporary maintenance with the expectation that she would become self-supporting. The goal was unattainable, a possibility foreseen by the trial court. Given appellant's age, lack of highly marketable skills, limited financial resources, very poor health, and her inability to become self-sufficient in the last three years, it is unlikely that appellant will ever attain self-sufficiency. *See Karg*, 418 N.W.2d 198, 202 (Minn.Ct.App.1988).

Minn.Stat. § 518.552, subd. 3 (1988) requires that a trial court award permanent maintenance when it is uncertain that the party seeking maintenance can become self-supporting. *See Nardini v. Nardini*, 414 N.W.2d 184, 198 (Minn.1987). The trial court abused its discretion in denying appellant's request for permanent maintenance.

## DECISION

The trial court abused its discretion in finding that appellant refused to rehabilitate herself during the three years following the divorce decree. We reverse and order appellant's spousal maintenance to be ordered permanent in the amount of $200.00 per month, plus $42.00 per month for health insurance.

REVERSED.