In re the Marriage of Helen M. VI-
DEEN, f/k/a Helen M. Peters,
Petitioner, Respondent,

v.

Robert V. PETERS, Appellant.

No. C4-88-2190.

Court of Appeals of Minnesota.

April 25, 1989.

Review Denied June 21, 1989.

Francis E. Muelken, Gateway Center, Prior Lake, for respondent.

Brent Primus Minneapolis, for appellant.

Heard, considered and decided by SHORT, P.J., and RANDALL and KALITOWSKI, JJ.

## OPINION

SHORT, Judge.

Robert V. Peters appeals from the trial court's order modifying the parties' divorce decree by continuing spousal maintenance, increasing child support obligations, and ordering him to remedy various violations of the original judgment and decree. We affirm in part, reverse in part, and remand.

## FACTS

The parties were divorced in 1981. At that time, they were responsible for seven children, four of whom were adopted through a subsidized adoption program. The original decree awarded Helen Peters Videen (respondent) $200.00 per month in spousal maintenance and $1,000.00 per month for child support. Appellant also was ordered to maintain health insurance for the children. The decree ordered that spousal maintenance would continue for a period of seven years, or until respondent became self-sufficient. It also provided that appellant could seek leave of the court to decrease his child support payments when the children reached the age of majority or otherwise became emancipated.

In September of 1985, respondent successfully moved for modification of the original decree. Appellant's net income had more than doubled, and respondent had exhausted her independent financial resources. Child support under the modified decree was set at $1,500.00 per month, with the proviso that appellant's support obligation would be decreased by $75.00 per month as each child became self-supporting, reached majority, or no longer depended upon the parties for support.

The trial court, in the 1985 modification order, considered the contribution made by appellant's current wife to the business they own and manage together, and determined that appellant's spouse earned approximately $635.00 per month while appellant's earnings were $3,500.00 per month.

The present proceedings were initiated by respondent to compel appellant to pay arrearages in child support, to increase the amount of child support, and to continue spousal maintenance until respondent completes her courses at a local business school. In addition, appellant had allowed insurance coverage for two of the adopted children to lapse. Respondent sought to compel appellant to provide and verify coverage, and to reimburse her for some medical expenses she had paid.

The trial court, in its 1988 findings and order, found: (1) that appellant's current wife made only nominal contributions to the business she and appellant own; (2) that appellant is responsible for the support of the parties' four minor children; (3) that there has been "a material change in circumstances" requiring further modification of the original decree; (4) that appellant has the ability to make higher child support payments; (5) that appellant is delinquent in his child support payments; (6) that appellant has violated the decree and

subsequent modification order by allowing health insurance on two of the children to lapse; and (7) that appellant is guilty of contempt of court for having failed to comply with the support and health insurance provisions in the original decree.

The court ordered that spousal maintenance be continued until July 31, 1989, that child support payments be increased from $1,500.00 to $1,900.00 per month, and that appellant remedy his various violations of the original decree.

## ISSUES

I. Did the trial court err in not specifying the reasons for modifying a child support order?

II. Did the trial court err in not explaining the necessity for continuing spousal maintenance beyond the time specified in the original decree?

III. Did the trial court err in holding appellant in contempt for his violation of the terms of the original decree?

IV. Did the trial court err in awarding attorney fees?

## ANALYSIS

### I.

Minn.Stat. § 518.64, subd. 2 (1988) provides:

The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.-72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair.

The statute further provides that the court shall consider the needs of the children but not the financial circumstances of the parties' respective spouses. *Id.*

The decision to modify a child support order lies in the trial court's broad discretion, and will be reversed only for a "clearly erroneous conclusion that is against logic and the facts on record." *Moylan v. Moylan,* 384 N.W.2d 859, 864 (Minn.1986) (quoting *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984); *Stephens v. Stephens,* 407 N.W.2d 468, 470 (Minn.Ct.App.1987).

When considering a support modification motion, the trial court determines (1) whether there has been a substantial change in the parties' financial or other circumstances; (2) whether any such change in circumstances makes the original order unreasonable and unfair, and (3) what modification is necessary to remedy that unfairness. *Moylan,* 384 N.W.2d at 864; *see* Minn.Stat. § 518.64, subd. 2. The trial court must expressly consider these factors and its failure to do so compels a remand, even if the record tends to support the trial court's decision. *Moylan,* 384 N.W.2d at 865.

In the present case, the parties made conflicting arguments as to their respective needs and circumstances. Respondent contended that her needs and the needs of her children were greater because she was no longer receiving subsidy payments for her adopted children, that it had become more costly for her to care for the children, and that her personal expenses were greater. Appellant countered that respondent's financial responsibilities for the children had significantly decreased since only two of the minor children continued to live with her and expenses for the other two minor children have largely been assumed by the treatment centers in which they now reside. In addition, appellant contended that his current wife is responsible for generating 50 percent of their income and that Minn.Stat. § 518.64, subd. 2 explicitly forbids the court from taking into consideration her contribution to the family income.

The trial court, in the present case, did not expressly consider the statutory factors identified by the *Moylan* court. A careful review of the trial court's findings reveals that the court determined only that appellant's adjusted gross income was somewhat higher in 1988 than in 1985. The trial court's finding that "there has

been a material change in circumstances which make the terms of the original judgment and decree as modified by the [1985 order] unfair and unreasonable within the meaning of Minn.Stat. § 518.64," does not sufficiently explain how the moderate increase in appellant's earnings renders the original decree unfair and unreasonable. It also does not specify whether the children's needs have increased or decreased.

In addition, the trial court's method of determining appellant's income is unclear on the record. In 1985, the trial court found that appellant's current wife made some contribution to the parties' business. In 1986, the Minnesota legislature amended Section 518.64 to expressly prohibit the consideration of the earnings or financial condition of a party's spouse. *See* 1986 Minn. Laws ch. 406, § 8. Appellant presented evidence at trial that his current wife handles most of the business matters for their art advertising agency. Respondent did not rebut this evidence. Nonetheless, the trial court, in its findings, concluded that appellant's wife's contribution was nominal and amounted to a mere "book entry." This finding is not supported by the evidence, even given the trial court's broad discretion.

## II.

Appellant also challenges the trial court's continuation of spousal maintenance. Appellant contends that respondent has had ample opportunity to become self-sufficient and has failed to avail herself of that opportunity. Appellant therefore argues that the terms of the original decree, which specified that maintenance should continue for seven years, or until such time as respondent becomes self-supporting, should be enforced so as to end appellant's alimony obligations.

An order continuing spousal maintenance payments is a modification of the original decree, and is also governed by Minn.Stat. § 518.64, subd. 2. A decision whether to modify maintenance is in the trial court's discretion and will not be reversed unless clearly erroneous and contrary to both logic and the facts in the

record. *Cisek v. Cisek*, 409 N.W.2d 233, 235 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Sept. 18, 1987). As in cases involving child support, the modification of the original maintenance award must meet both of the statutory requirements specified in Section 518.64, subd. 2. That is, the trial court must find both that there has been a significant change in the parties' circumstances and that the change renders the terms of the original decree unreasonable and unfair. Finally, the trial court must make particularized findings supporting the amount of modification granted. *Wiese v. Wiese*, 295 N.W.2d 371, 372 (Minn. 1980); *Coakley v. Coakley*, 400 N.W.2d 436, 441 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Apr. 23, 1987).

In the present case, the trial court's findings justifying the extension of the maintenance award are not fully explained in the record. The decision should indicate which of the statutory factors for modification the court considered in its decision to extend the period for spousal maintenance payments. It should also indicate whether a substantial change in circumstances has occurred since the original decree was issued, and should specify why extending the maintenance payments is required to avoid unreasonableness or unfairness. The fact that a party has the financial ability to continue spousal maintenance payments does not by itself justify a modification in maintenance awards. *See, e.g., Cisek v. Cisek*, 409 N.W.2d at 236; *Hillestad v. Hillestad*, 405 N.W.2d 436, 439 (Minn.Ct.App.1987), *pet. for rev. dismissed* (Minn. June 30, 1987).

## III.

Appellant also challenges the trial court's finding that his decisions to withhold a portion of his child support obligations and to let his children's health insurance coverage lapse constituted civil contempt of court. The purpose of the contempt power is to provide the trial court with the means to enforce its orders. *See Erickson v. Erickson*, 385 N.W.2d 301, 304 (Minn.1986). The trial court therefore has broad discretion to hold a person in con-

tempt, but only where the person has acted in bad faith. *Id.; see Hopp v. Hopp*, 279 Minn. 170, 174, 156 N.W.2d 212, 216 (1968).

Appellant claims his acts were not in bad faith because (1) he believed that the original decree, as modified in 1985, allowed him to reduce child support payments automatically should one or more of the children leave respondent's home, and (2) he attempted to obtain alternative insurance coverage for the children. The first argument fails because the children, though out of the home, continue to require support. Further, appellant did not seek judicial clarification of the original decree, nor inform respondent that he planned to discontinue the full payments. The second argument fails because the insurance coverage lapsed in violation of the terms of the original decree. Under the terms of the trial court's findings and order, appellant may completely purge himself of contempt by complying with the terms of the 1988 order. Appellant does not claim he is unable to comply either for financial or for other reasons.

## IV.

 Finally, appellant challenges the trial court's decision to award attorney fees. Minn.Stat. § 549.21, subd. 2 (1988) allows the court, in its discretion, to assess reasonable attorney fees against a party who acted in bad faith, asserted a frivolous claim or unfounded position, or committed a fraud upon the court. The trial court awarded partial attorney fees to respondent in the amount of $900.00. These fees are justified (1) because appellant acted in bad faith by withholding part of his child support obligations and by allowing the health insurance to lapse, and (2) appellant raised a frivolous claim by asserting that respondent had committed fraud upon the court by concealing the subsidized adoption money she has received for the care of the adopted children. The trial court correctly observed that the subsidized payments were not concealed from the court and were made a part of the record.

## DECISION

The trial court's finding that appellant's acts constituted civil contempt of court and the court's decision to award attorney fees are affirmed. The trial court is reversed as to its decision to increase appellant's child support obligations and to continue spousal maintenance. This case is remanded for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.