In re the Marriage of Frederick R. KATTER, Petitioner, Respondent,

v.

Frances J. KATTER, Appellant.

No. C9–89–1899.

Court of Appeals of Minnesota.

July 3, 1990.

Richard D. Goff, Eugene E. Weyer, Goff, Kaplan & Wolf, St. Paul, for respondent.

Linda A. Olup, Swaden–Olup Law Offices, Edina, for appellant.

Considered and decided by KLAPHAKE, P.J., HUSPENI and RANDALL, JJ.

## OPINION

HUSPENI, Judge.

Appellant Frances Katter challenges a trial court order which modified a temporary maintenance award of $1,500 per month to permanent maintenance of $1,200 per month for six months and $650 per month thereafter, and denied her request that respondent Frederick Katter be directed to provide life insurance as security for the maintenance award. In his notice of review, respondent alleges that the award of permanent maintenance was an abuse of trial court discretion. We affirm.

## FACTS

At the time of the dissolution of the parties' 21 year marriage in 1983, respondent was 49, and appellant was 45. Appellant had been a homemaker for most of the marriage, and two of the parties' four children were still minors. They continued to reside with appellant and to attend a private school. Respondent paid their tuition as well as child support.

The parties' standard of living altered considerably during their marriage. At one time, they had enjoyed European vacations and a lake home, but financial reverses necessitated the sale of all their real estate. At the time of dissolution, their net worth was $33,000. Assets were divided and respondent assumed most of the marital indebtedness.

Despite respondent's urging, appellant took no part in the dissolution proceedings. The decree provided that respondent would continue paying support of $250 per month per child and $1,500 per month maintenance as he had during the year of separation prior to the dissolution. Child support was to continue until each child was 18 or otherwise emancipated; maintenance was to continue for 72 months.

Appellant had earned a college degree prior to her marriage. She is presently working in the child care field, earns approximately $18,000 annually and receives additional income of approximately $7,000 annually from inherited investments. She has no health problems or other disabilities.

Appellant resides in a three bedroom condominium townhouse, purchased in part with a $5,000 down payment given by respondent so that appellant and the children then with her would have adequate accommodations. Appellant states she has been unable to sell the condominium, which costs approximately $1,200 per month to maintain.

Respondent's anticipated 1989 earnings were $108,000.

In response to appellant's motion for permanent maintenance of $3,000 per month,

the trial court awarded permanent maintenance of $1,200 per month for six months and $650 per month thereafter. The trial court denied appellant's request that respondent be directed to maintain life insurance as security for the payment of maintenance.

## ISSUES

1. Does Minn.Stat. § 518.64 apply to actions for modification of maintenance sought on the basis of failure to rehabilitate where no court has previously provided for a subsequent review of the award?

2. Did the trial court abuse its discretion in setting the amount or the duration of maintenance, or in determining that no security was warranted?

## ANALYSIS

### I.

To facilitate orderly discussion of all issues, we shall first address the concerns raised by respondent in his notice of review.

Respondent argues that the trial court abused its discretion in extending maintenance and states:

It is somewhat unclear from the case law as to what standard is to be applied in determining whether an award of temporary spousal maintenance should be extended and made permanent. In particular, it is unclear whether or not in this case [appellant] was required to meet the criteria of Minn.Stat. Sec. 518.64, Subd. 2 in order to have the spousal maintenance term extended.

Respondent cites *Videen v. Peters*, 438 N.W.2d 721 (Minn.App.1989), *pet. for rev. denied* (Minn. June 21, 1989); *Zamora v. Zamora*, 435 N.W.2d 609 (Minn.App.1989); and *Karg v. Karg*, 418 N.W.2d 198 (Minn. App.1988) as illustrating the alleged confusion regarding the applicability of Minn.

Stat. § 518.64, subd. 2 (1988) to motions for extension of maintenance. This section reads in relevant part as follows:

The terms of a decree respecting maintenance * * * may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; * * * or (4) a change in the cost of living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair.

While we understand respondent's concerns, especially in view of the trial court's determination that section 518.64 did not apply in this case,[1] we believe that these cases can be harmonized and the law thus clarified.

In *Karg*, a three judge district court panel reviewed the trial court decree which had granted temporary maintenance for a period of three years. The panel increased the amount of maintenance indicating that it was " 'deeply troubled' by the trial court's award of temporary maintenance" and stating that if "Joyce Karg is unable to become financially independent by June, 1986, she may seek an extension of the temporary maintenance award." *Karg*, 418 N.W.2d at 200. This court, in reviewing a subsequent award of permanent maintenance, observed:

This is not a modification of an existing decree because * * * a three judge district court panel [previously] held that [appellant] could seek an extension of the maintenance award.

*Id.* at 201.

Respondent argues that *Zamora* is consistent with *Karg* in finding Minn.Stat. § 518.64 inapplicable, but contrasts *Videen* which states that an

order continuing spousal maintenance payments *is a modification* of the origi-

---

1. The trial court stated in its memorandum: The Court is convinced that, pursuant to *Karg v. Karg*, 418 N.W.2d 198 [ (Minn.App.1988) ] that this is not a modification of the existing Decree but a motion to amend the Decree for extension of maintenance. That, seemingly, is no more than rhetoric, but it does place the burden in a different area. It is not necessary, therefore, for the [appellant] to show the criteria required under [Minn.Stat. § ] 518.64, Subd. 2, to get an extension of maintenance.

nal decree and is also governed by Minn. Stat. Sec. 518.64, subd. 2.

*Videen,* 438 N.W.2d at 724 (emphasis added).

We note initially that the *Karg* and *Zamora* dissolution decrees themselves contained provisions which appeared to permit future consideration of extension of maintenance without the showing of changed circumstances required under section 518.64. The *Videen* decree, like the decree here, contained no such provision.

■ More importantly, it is possible to harmonize *Karg, Zamora* and *Videen* with this case by recognizing that in proceedings seeking extension of maintenance, section 518.64 is, in fact, applicable insofar as the failure of a spouse to become fully rehabilitated while receiving temporary maintenance is, in itself, a changed circumstance under this statute. Such recognition was given, we believe, by the court in *Karg* when it observed:

> This is a case where there has been no change in the circumstances of the parties (other than the realization that respondent will be unable to become fully self-supporting) since the award of temporary maintenance. Nonetheless, the absence of a permanent award is now unfair.

*Karg,* 418 N.W.2d at 202.

Further, several years before *Karg* the Minnesota Supreme Court in *Rydell v. Rydell,* 310 N.W.2d 112 (Minn.1981), recognized that failure to achieve a status anticipated by the decree could constitute a material change in circumstances:

> [the trial court] found that the wife's physical symptoms were expected to diminish if she moved to Arizona. Mrs. Rydell did move to Arizona, but, contrary to expectations, her physical symptoms have not diminished but have worsened. *This is a material change in circumstances* or as the statute puts it, this is a substantially increased need.

*Rydell,* 310 N.W.2d at 115 (emphasis added).

While we do not agree with the trial court's determination that section 518.64 is inapplicable here, we observe that if the court's finding that appellant failed to rehabilitate was correct, she has met the requirement of substantially changed circumstances under the statute.

## II.

We are left with the question of whether the trial court abused its discretion in deciding that appellant failed to rehabilitate and needed permanent maintenance, and in setting the amount of that maintenance.

■ Appellant presented evidence by affidavit of monthly expenses in the sum of $3,290 and monthly income from salary of $1,119 and from investments of about $600. The trial court chided appellant regarding her somewhat extravagant lifestyle, particularly her $300 per month clothing allowance and the housekeeping service for her condominium. Nonetheless, he stated:

> that [appellant] does need some financial assistance, but not in the amounts that have been previously paid to her.
>
> \* \* \* \* \* \*
>
> It is only fair that the maintenance continue for the next six months at a level roughly equal to the condominium payment during which time she can have the property sold. After that she will have substantially reduced needs, the Court feels the maintenance set forth herein will provide for her.

Even when appellant's clothing expenses are halved, her home maintenance and cleaning expense eliminated, and her accommodation expense reduced by about $600 with the sale of the condominium, her total $1,719 monthly income will be less than the $2,370 she will need. Therefore, we find no abuse of discretion in the trial court's award of permanent maintenance.

However, appellant sought permanent maintenance of $3,000 per month and was granted, after a six month interim, $650. Appellant argues that such a minimal award constitutes an abuse of discretion, first because respondent's increased earnings and standard of living make her maintenance award unfair, and secondly because the trial court failed to consider all

the relevant factors of Minn.Stat. § 518.552. We cannot agree with either argument.

■ While the parties dispute the actual magnitude of respondent's increased earnings, a demonstration of even a substantial increase would be insufficient, by itself, to justify modification.

> The ultimate question for decision, then, is whether a favorable change in the circumstances of a divorced husband without an unfavorable change in the circumstances of the divorced wife or the children in her custody constitutes a sufficient ground for a change in the stipulated financial arrangements incorporated in the judgment and decree of divorce. We think not.

Kaiser v. Kaiser, 290 Minn. 173, 182, 186 N.W.2d 678, 684 (Minn.1971). See also Cisek v. Cisek, 409 N.W.2d 233, 236 (Minn. App.1987), pet. for rev. denied (Minn. Sept. 18, 1987).

In establishing an award of permanent maintenance of $1,200 per month for six months and $650 per month thereafter, the trial court not only awarded appellant the difference between her future modified monthly expenses, $2,370, and her monthly income, $1,719; it also considered all of the relevant factors under Minn.Stat. § 518.552.

In responding to appellant's argument that she is not now able to enjoy a lifestyle commensurate with what she enjoyed during parts of her marriage, the trial court observed that while the standard of living established during the marriage had been fairly affluent, financial reverses resulted in a much different standard at the time of dissolution.

Appellant's arguments regarding her prolonged absence from the employment market, loss of employment opportunities, her age and physical and emotional condition are less persuasive than they might otherwise be in view of her demonstrated ability to procure full-time employment in the child care field, which is appropriate to her college degree, her training as a teacher, and her health, even though that employment produces income which is not suf-

ficient to enable her to be fully self-supporting.

■ Appellant devotes extensive argument to the ability of respondent to pay maintenance, and contrasts her clothing, housing, car and entertainment expenses with those of respondent and his second wife. In doing so, appellant is, in effect, proposing that an ex-spouse is entitled to the same standard of living as a current spouse; this proposition must be rejected pursuant to Kaiser.

Further, the cases cited by appellant to support her argument that the trial court did not properly balance her need with respondent's ability to pay are inapposite, because in each case cited by appellant the obligee suffered from either a physical or an employment disability. See Erlandson v. Erlandson, 318 N.W.2d 36, 37 (Minn. 1982); Lunde v. Lunde, 408 N.W.2d 888, 893 (Minn.App.1987); Musielewicz v. Musielewicz, 400 N.W.2d 100, 104 (Minn.App. 1987), pet. for rev. denied (Minn. March 25, 1987); and Torkelson v. Torkelson, 373 N.W.2d 630, 631 (Minn.App.1985). Appellant is free of health problems and has a full-time job. The fact that respondent could afford to pay monthly spousal maintenance in excess of $650 does not serve to make an award in that amount an abuse of discretion.

■ Finally, appellant argues that the trial court abused its discretion when it declined to order security for the payment of appellant's maintenance pursuant to Minn.Stat. § 518.24 (1988). Provision of security pursuant to Minn.Stat. § 518.24 results in continuation of spousal maintenance payments after an obligor's death, and therefore is an exception to the general provision that maintenance ceases upon the death of the obligor. See Minn.Stat. § 518.64, subd. 3. This court has recognized that the determination as to whether any security is required is "almost wholly within the trial court's discretion," Zagar v. Zagar, 396 N.W.2d 98, 102 (Minn.App. 1986). Under the facts of this case, there was no abuse of discretion in the denial of security.

## DECISION

Minn.Stat. § 518.64, subd. 2 applies to this case insofar as demonstration of failure to rehabilitate is a change in circumstances. The trial court's decisions as to the duration and amount of maintenance meet statutory requirements and involve no abuse of discretion; neither does denial of security involve an abuse of discretion.

Affirmed.